STATE of Missouri, Respondent,

v.

Wardell HARRELL, Appellant.

No. 50519.

Supreme Court of Missouri,

Division No. 2.

Oct. 12, 1964.

Rehearing Denied Nov. 9, 1964.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Ronald R. McKenzie, Special Asst. Atty. Gen., Hannibal, for respondent.

Morris M. Hatchett, St. Louis, for appellant.

BARRETT, Commissioner.

■ A jury found the appellant Wardell Harrell guilty of murder in the second degree and fixed his punishment at thirty years' imprisonment. In his motion for a new trial there are four assignments of error, one of these, "that the verdict was against the law and the evidence," is lacking in detailed particularity (Sup.Ct.Rule 27.20(a)) and therefore does not present a reviewable question. State v. Ronimous, Mo., 319 S.W.2d 565, 567. However, this and the other three objections are related to or concerned with the objection that "the state failed to make a prima facie case of murder in the second degree."

■■ One objection is directed to the testimony relating to Harrell's "admissions" or "confessions," that the court erred in admitting into evidence "the out of court statement of the accused, without determination as to its voluntary nature." The difficulty with this claim, assuming its validity as an assignment of error, is that there is no foundation for it in this record. When a police sergeant first testified to the defendant's "admissions" the only objection was to the statement "(h)e, at that particular time, gave us quite a few conflicting statements." The court sustained an objection to the use of the words "conflicting statements" and thereafter the sergeant and other police officers testified to what the appellant said and there were no objections. While there were some conflicts in the "confessions" and the "admissions" they were not entirely irreconcilable and as a matter of fact not too different from the defendant's own testimony. Of course, if voluntary, the defendant's incriminating statements or confessions were admissible in evidence against him. 22A C.J.S. Criminal Law §§ 730, 732, pp. 1024, 1046; State v. Todd, 342 Mo. 601, 116 S.W.2d 113. But in this case the usual and orderly procedure was not followed to challenge the voluntary character of any admissions or confessions. There was no request that the court, as a preliminary matter, consider whether the admissions or confessions were voluntary (State v. Di Stefano, Mo., 152 S.W.2d 20), in fact, there were no objections and no offers of proof and all the circumstances surrounding the making of the incriminating statements were shown and there is not a single circumstance from which it is a permissible inference that they were not all voluntary. State v. Roland, 336 Mo. 563, 79 S.W.2d 1050, 102 A.L.R. 601; State v. Holliday, 353 Mo. 397, 182 S.W.2d 553; State v. Hinojosa, Mo., 242 S.W.2d 1.

■ Briefly the circumstances as the appellant related them to the police and as the jury could find them were these: Harrell, having heard that the police were looking for him in connection with Lloyd Young's death from three gunshot wounds, appeared at the police station and gave this report of the killing. He claimed that Young owed him $100, "$40 of personal money and $60 for taking Lloyd's girl friend on a trip" and on Friday, April 5, 1963, he obtained a gun from his friend Crump and announced his intention of going to Young's place of residence to collect the $100. On Sunday evening, April 7, Harrell, with the pistol stuck in the front of his pants beneath his pulled out shirt, proceeded with Crump and another friend to Young's apartment "to collect his money." Young's girl friend admitted the three of them and after watching television with other guests in the living room for some time the girl said, "Lloyd will see you now," and Harrell walked into the bedroom. Lloyd was lying across the bed and Harrell said, "Why don't you pay me? * * * You pay everybody else. I need my money." Lloyd said, "I will pay you sometime this week. * * * I told you, man, I will pay you this week." Harrell replied, "I need my money" and "pulled the gun." He said that Young "raised up across the bed and lunged at him and he fired. After firing the first shot, Young managed to get his hands on him and they were struggling for the gun. He fired again." But before firing the second shot Harrell had said "Give me my money or give me

your ring" and Young held out his hand and Harrell took the ring from his finger and in the scuffle fired the second and third shots. An autopsy revealed three gunshot wounds, one "of the back in the anterior scapular line five inches from midline and seven inches above the posterior superior iliac spine," another on the left side of the chest between the seventh and eighth ribs, and the one from which Young bled to death, a bullet through the abdomen. It is not necessary to further detail the evidence and indicate the permissible inferences, it is sufficient to say that these circumstances as the jury could and did find them support the charge and finding of murder in the second degree. State v. Davis, Mo., 365 S. W.2d 577.

■ There was no objection when the gun found on the floor beside Young's bed, a .38 caliber automatic, and its three expended cartridges were offered in evidence, and aside from its inadequacy there is in fact no basis for the assignment that the court erred "in admitting into evidence state's exhibit (4) the supposed weapon without expert testimony." State v. Cox, Mo., 352 S.W.2d 665, 673; State v. Small, Mo., 344 S.W.2d 49; Annotation "Expert evidence to identify gun from which bullet or cartridge was fired" 26 A.L.R.2d 892.

The information appropriately charged the offense of murder in the second degree (State v. Brookshire, Mo., 368 S.W.2d 373, 379–380), the verdict is responsive and the punishment within the limits fixed by the statute. V.A.M.S. § 559.030. The defendant and his counsel were present throughout the proceedings (Sup.Ct. Rule 27.08), there was allocution (Sup.Ct. Rule 27.09) and there is no error "upon the record before" the court (Sup.Ct.Rule 28.02) and the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.