**STATE of Missouri, Respondent,**

v.

**Leroy McKINNEY, Appellant.**

**No. 57233.**

Supreme Court of Missouri,
Division No. 1.

Sept. 10, 1973.

the first degree by means of a dangerous and deadly weapon, a felony, § 560.135, RSMo 1969. He was found guilty of the charge by a jury and sentenced by the court to 30 years' imprisonment. Notice of appeal was filed prior to January 1, 1972. This court has jurisdiction. Art. V, § 31, Const. Mo. 1945, as amended, V.A.M.S.

The state's evidence was, in part, as follows.

On November 27, 1970, at about 6:30 p.m., two men robbed Smiling Henry's Clothing Store in the City of St. Louis, Missouri, of about $300.00. The store manager and a woman employee were present. One robber was armed with a pistol and the other had a shotgun. The manager was shot in the back with the shotgun and was taken to a hospital. On December 15, 1970, a police officer showed eight photographs to the manager while he was still in the hospital. The defendant's photo was among them but the manager could not identify anyone in the photos as the defendant. During the trial the manager identified defendant as the robber who had the pistol.

The money was taken from the drawer of a metal cabinet. The cabinet was located behind a counter where customers are not permitted to go, although it would be possible for a person to go behind the counter to the cabinet. The robbers ordered the woman employee to get the key to the cabinet from the manager which she did. After the robbery the cabinet drawer was found on the floor with its contents strewn about the store. The police lifted fingerprints from the cabinet drawer and one of the prints was identified by an expert witness as the left thumbprint of defendant.

Defendant did not testify. Two female witnesses testifying for defendant stated that defendant had been in Smiling Henry's with them on occasions prior to the robbery; that defendant was in the apartment of one of the witnesses throughout November 27, 1970, the date of the robbery;

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for respondent.

John L. Gillis, Jr., St. Louis, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, for appellant-defendant.

BARDGETT, Presiding Judge.

Leroy McKinney was charged under the second offender act, § 556.280, RSMo 1969, with one prior conviction and robbery in

that he was ill throughout that day and that he could not have been in Smiling Henry's on November 27, 1970.

Defendant's first point is that the court erred in admitting the evidence concerning the shooting of the store manager on the grounds that it was irrelevant to the charge against defendant; that is was of no probative value, and highly inflammatory and prejudicial.

■ The evidence was that two men acting in concert committed the robbery. The manager was not shot by defendant but by the other robber. This shooting was part of the robbery and admissible in evidence as part of the res gestae. State v. Williams, 369 S.W.2d 408, 417 (Mo. banc. 1963). The point is overruled.

The second point is that the court erred in admitting the in-court identification testimony of the manager on the ground that the manager's identification of defendant was tainted by his failure to identify defendant from photographs shown to the manager shortly after the robbery.

In support of this point defendant cites Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); United States v. Wade, 388 U.S. 218 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); United States v. Marcey, 142 U.S.App.D.C. 253, 440 F.2d 281 (1971), and State v. Parker, 458 S.W.2d 241 (Mo.1970). This line of cases concerns situations where the pretrial identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

■ In the instant case there was no pretrial identification. The manager's *failure* to identify defendant from a photograph obviously could not be suggestive of anything harmful to the defendant. The manager's failure to identify defendant from the photos was a proper subject of cross-examination and could be considered by the jury in assessing the credibility of

the witness. The court did not err in admitting the in-court identification testimony of the store manager. The point is overruled.

Defendant's third point is that fingerprint evidence alone is insufficient to support a conviction and particularly so where evidence shows that the defendant was in the store on prior occasions. Defendant argues that he could have touched the metal cabinet on the earlier occasions and therefore it was not established that the print was left by a robber in the commission of the crime.

The evidence was that the fingerprint was found on a metal cabinet drawer which was located in an area normally accessible only to employees. The cabinet was behind a counter and separated from the customer area. There was no evidence that defendant or other customers ever went into that area of the store prior to the robbery. During the robbery the drawer was handled by one of the robbers who pulled it from the cabinet, took the money out of it, and left it in the rear of the store.

■ The evidence shows that the metal cabinet was not generally accessible to the defendant prior to the robbery and his fingerprint could only have been impressed thereon at the time of the robbery. The fingerprint evidence was admissible. State v. Thomas, 452 S.W.2d 160 (Mo.1970). The point is overruled.

Defendant's fourth point is that the court erred in admitting the fingerprint evidence on the ground that the proper chain of custody was not proven by the state. Defendant fails to point out any missing link in the chain of custody. The court has reviewed the evidence and finds that the chain of custody of the fingerprint evidence was properly established. The point is overruled.

Defendant's last point is that he was arrested and held for more than 20 hours without a warrant being issued in violation

of § 544.170, RSMo 1969, and Supreme Court Rule 21.14, V.A.M.R.

■ The record does not support defendant's contention and defendant made no attack upon the arrest prior to trial. In any event this court has held that detention for more than 20 hours without a warrant does not, of itself, invalidate a conviction. McGlathery v. State, 465 S.W.2d 496 (Mo. 1971). The point is overruled.

The judgment is affirmed.

All of the Judges concur.