STATE of Missouri, Plaintiff-Respondent,

v.

Frank Allen ENLOW, Defendant-Appellant.

No. 35216.

Missouri Court of Appeals, St. Louis District, Division Two.

April 27, 1976.

James A. Bell, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Judge.

Defendant was convicted of murder in the second degree arising out of the shooting death of his wife, Margaret Enlow. He was sentenced to 10 years in the custody of the Department of Corrections of the State of Missouri.

Defendant, on this direct appeal, contends that the court erred in not sustaining his motion for acquittal at the conclusion of the case. Defendant urges that a statement made by him to the police and introduced into evidence by the State, which contained defendant's statement that the shooting was accidental, is conclusive on the State. Although appellant briefed another point in his brief he announced on oral argument that he was abandoning that point.

Defendant and the deceased were married but had recently separated. Defendant encountered the deceased and her sister, Willie Mae Crawford, at a lounge in East St. Louis after midnight on November 26, 1971. Some time later the defendant accompanied the deceased and her sister back to St. Louis. They stopped at Mrs. Enlow's mother's, picked up the children, and then went to the deceased's home. The deceased, her children, her sister went to bed. The defendant went to the deceased's purse and removed a pistol from it, which he placed in his pocket.

A short time later the telephone rang. The defendant answered. A male caller asked for Mrs. Enlow, but he refused to identify himself. Defendant identified himself as her husband and the caller hung up. The phone rang a second time. Again a man, who defendant thought was the first caller, asked for the deceased, refused to identify himself, and hung up. The defendant went to the room where the deceased was sleeping and got her out of bed. She came into the living room where the two of them began to argue about the identity of the caller. The defendant became angry because the deceased could not, or would not, tell him who the caller was, and he ripped the telephone out of the wall jack. During the course of this argument Mrs. Enlow received a bullet wound over the left eye which caused her death.

Defendant went into the bedroom and woke Mrs. Crawford, saying that he had killed Margaret. Mrs. Crawford got up and in a state of hysteria left the house. She came back into the house a few minutes later. When she returned defendant said, "Oh, Lord, I done shot Margaret."

When the police arrived the defendant was next to a couch upon which Mrs. Enlow was lying. As they came in defendant said that the woman was his wife, that he shot her and that it was an accident. A .22 revolver was on the couch partially under deceased's head.

Defendant was taken into custody. At police headquarters he gave a voluntary statement. In the statement he advised the police that while arguing with his wife he removed the gun from his right front pocket and was placing it on the mantle when it discharged. The bullet struck his wife who was seated upon the couch.

There was evidence that the gun had a "hair trigger" if it was cocked. If the

trigger was not cocked it could be discharged with a 15 pound pull.

We note first that defendant's argument assumes that the only evidence which connects defendant with the actual shooting was that contained in his statements to the police officers. His argument overlooks the testimony of Willie Mae Crawford. Defendant, in his statements to Mrs. Crawford unequivocally admitted that he shot his wife.

■ "[W]here the state's evidence shows a killing by the use of a deadly weapon upon a vital part of the body, nothing else appearing, murder in the second degree, from the necessities of the situation, will be presumed." *State v. Malone,* 327 Mo. 1217, 1228, 39 S.W.2d 786, 790 (1931). See also *State v. Page,* 130 S.W.2d 520, 523 (Mo. 1939). Margaret Enlow was shot in a vital part of the body by a deadly weapon which the defendant admitted he fired. The presumption of murder in the second degree thus arose.

■ The fact that his subsequent admissions made to the police contained exculpatory statements in no way altered the situation. The question raised by defendant has long been ruled adversely to his contention by the courts of this State. The State is not bound by the self-serving portions of defendant's admissions even though they are introduced into evidence in the State's case. *State v. Elgin,* 391 S.W.2d 341 (Mo.1965); *State v. Caffey,* 457 S.W.2d 657 (Mo.1970). This presumption of murder in the second degree would not have been overcome even if the statements to the police were the only admissions in the case. The effect of the introduction of the exculpatory statements was merely to give rise to the affirmative defense of accident. The question of whether the shooting was intentional or whether it was accidental was properly submitted to the jury for its determination.

Finding no error the judgment of the trial court is affirmed.

CLEMENS, P. J., and KELLY, J., concur.