STATE of Missouri, Plaintiff-Respondent,

v.

Willie James DANCY, Defendant-Appellant.

No. 37205.

Missouri Court of Appeals, St. Louis District, Division One.

July 13, 1976.

Motion for Rehearing or Transfer Denied Aug. 18, 1976.

Application to Transfer Denied Oct. 12, 1976.

Robert C. Babione, Public Defender, James C. Jones, Christelle Adelman-Adler, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

The defendant was convicted of robbery in the first degree and sentenced under the Second Offender Act, § 556.280, RSMo 1969, to twenty-five years in the custody of the Department of Corrections. Defendant's appeal is based upon two contentions. First, he asserts that the trial court improperly allowed in-court identification and testimony concerning pre-trial confrontations by two witnesses because of the substantial likelihood that there was misidentification due to the unnecessarily suggestive nature of the confrontations. Second, defendant asserts that the testimony of a police detective concerning a previous identification by a witness from police photographs was improperly admitted hearsay and was highly prejudicial to defendant's case. For reasons hereinafter set forth, we affirm the conviction.

The robbery occurred in a bar in the City of St. Louis. Defendant with a companion entered the bar, ordered some twenty customers present to get down on the floor. After about $150.00 was taken from the cash register, the two then fled. Three witnesses were called to identify the defendant at the trial. One, who was near the door to the bar and beside the man who was struck by the defendant during the robbery, had not been shown police photographs or a lineup. He positively identified the defendant at the trial. Another witness was near the far end of the bar about

fifteen feet from the defendant during the robbery. She positively identified the defendant in police photographs, at a lineup and at the trial. The bartender never positively identified the defendant. She stated that she saw police photographs and a lineup, and each time she thought the defendant "looked familiar". At the time of trial she did not give a positive identification of the defendant, but only stated that he reminded her of one of the robbers.

Defendant contends that evidence of pre-trial identifications and the in-trial identification of the last two witnesses should have been excluded because of the likelihood that they were misidentifications.

■ In determining whether pre-trial identification is so impermissibly suggestive as to warrant a suppression of in-trial identification, consideration must be given to (1) the presence of an independent basis of identification, (2) the absence of any suggestive influence by others, and (3) positive courtroom identification. *State v. Rutledge,* 524 S.W.2d 449, 456[4] (Mo.App.1975). And even though the photograph or lineup identification is tainted or in some way suggestive, where there is an untainted positive in-court identification made upon a factual basis independent from such photographic or lineup procedures, the in-court identification is proper. *State v. Rutledge, supra* at 456[5]. The second witness was located approximately fifteen feet from defendant when the robbery took place. She watched him particularly closely because he was standing near her husband and had earlier struck a man near her husband. The bar was described as well lit and defendant remained in her view for five minutes. These show the presence of a basis for this witness's positive identification which is independent of the pre-trial identification. Her testimony was properly admitted.

■ The third witness did not at any time give a positive identification of the defendant. Her failure to identify the defendant does not show suggestive influence on the other witness but only that she could not positively identify him. *State v. Knox,* 529 S.W.2d 455, 462[7] (Mo.App.1975). The failure of this witness to positively identify the defendant could not be suggestive of anything harmful to the defendant. Her failure to make positive identification could be considered by the jury in assessing the credibility of the witness, and was properly admitted in the evidence. *State v. McKinney,* 498 S.W.2d 768, 770[2] (Mo.1973), cert. den., 415 U.S. 926, 94 S.Ct. 1433, 39 L.Ed.2d 483 (1974).

■ Defendant's second contention is that the testimony of a police detective concerning the identification of two photographs made by a Mr. Emmett, one of the customers in the bar but not called to the witness stand, should have been ruled inadmissible. Defendant relies on the rule that absent impeachment of identifying witness's testimony with respect to identification, testimony of an officer that an identifying witness had identified the defendant by means of a photograph is inadmissible. *State v. Collett,* 526 S.W.2d 920, 929[9–11] (Mo.App.1975).

■ The trial judge ruled the testimony admissible on the basis that defense counsel had "opened the door" to this testimony by her previous questioning. "Opening the door" occurs when either party introduces part of an act, occurrence or transaction. Then the opposing party is entitled to introduce or to inquire into other parts of the whole thereof in order to explain or rebut adverse inferences which might arise from the fragmentary or incomplete character of the evidence introduced by his adversary, or prove his version of the incident. *State v. Odom,* 353 S.W.2d 708, 711[4] (Mo.1962); *State v. Granberry,* 530 S.W.2d 714, 728[23] (Mo.App.1975). Earlier in the trial defense counsel, over objection of the prosecutor, asked the witness if she had seen the police officer show photographs to a Mr. Emmett. During cross-examination, defense counsel asked a police officer if Mr. Emmett had been shown photographs to identify. Then on redirect examination of the police officer, the prosecutor asked the officer if Mr. Emmett had pointed to any of the photo-

graphs. The officer responded that Emmett had pointed to two. Previous defense questions had inferred that Mr. Emmett and possibly other customers present at the robbery could not identify the photograph of defendant. The prosecutor was properly permitted to ask these questions to counteract the inference that Emmett did not recognize the photographs. If such questioning had been forbidden, the defendant could have obtained an unfair advantage by offering a portion of the facts relating to this evidence which would ordinarily not have been admissible, and then raising objections to the admission of the remainder of the transaction.

The judgment is affirmed.

McMILLIAN and RENDLEN, JJ., concur.