**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Garry Lee ELDRIDGE,**
**Defendant-Appellant.**

**No. KCD 29133.**

Missouri Court of Appeals,
Kansas City District.

April 3, 1978.

James F. Crews, Kibbe, Crews & Gaw, Tipton, defendant-appellant.

John D. Ashcroft, Atty. Gen., Nanette K. Laughrey, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals a conviction for manslaughter and a jury-imposed sentence of ten years.

Defendant claims in three separate points insufficiency of the evidence and in two other contentions that the court erred in instructing on capital murder and that the manslaughter instruction MAI–Cr 6.08 is erroneous as not requiring a finding of intent.

■ In a review of the denial of a motion for judgment of acquittal on the issue of sufficiency, the evidence must be viewed in the light most favorable to the State and the State is entitled to all reasonable inferences from the evidence. Also, the State's evidence must be accepted as true, and all evidence and inferences to the contrary must be disregarded. *State v. Thomas*, 529 S.W.2d 379 (Mo.1975); *State v. Gideon*, 453 S.W.2d 938 (Mo.1970); *State v. Oldham*, 546 S.W.2d 766 (Mo.App.1977).

On that basis, the record supports the following facts. There is no dispute that the defendant shot and killed Terry Marriott after an altercation in a tavern. Over a dozen eyewitnesses testified and, understandably, there are variances in the details of the testimony. The deceased, with some friends, was in a tavern near the scene of the shooting. The defendant and some of his friends were in the tavern where the shooting occurred. Among those with the deceased was a man named Vansell. With the defendant, among others, was his brother, Wayne Eldridge. The defendant, his brother, and several friends had beaten Vansell in an altercation in a park approximately three months before the fatal shooting. The deceased was involved in the earlier altercation and had struck the defendant. In that earlier altercation, the brother of the defendant had attempted to fire a shotgun at the deceased, but the gun misfired. The inference is that the deceased was the leader of one gang and the defendant of another and that a continuing quarrel existed between the two groups. When the deceased and his group entered the tavern where the shooting occurred, the man named Vansell approached the defendant's brother and asked the brother if he remembered him. Wayne Eldridge then jumped back and the deceased struck the defendant with a pool cue. Defendant then went to his coat, took out a pistol, and started to back out of the tavern, brandishing the gun. The deceased either stopped or was attempting to stop his advance on the defendant. According to some testimony, the deceased was then empty-handed. After the defendant retreated to a point near a bowling machine, he raised his weapon and shot the deceased once in the head. The estimates of the distance between the two ranged from the low of six feet claimed by the defendant to a maximum of fifteen or twenty feet stated by other witnesses. After the first shot, Vansell threw a beer bottle at the defendant, and the defendant

fired another shot in his direction. The defendant then fled, and his brother hid the pistol in the woods. The defendant and some of his companions testified. Their testimony varied from the statements of other witnesses, but the essential facts are not really controverted.

▮ Defendant argues the first and third points together and in reality they are identical. Both assert as error the claim that the trial court failed to direct a verdict of acquittal at the close of the evidence. As best the argument can be understood, the defendant first claims the jury reached its verdict on the basis of prejudice injected into the case by the testimony concerning the prior affray involving the deceased and the defendant. This specific issue was not raised in the motion for a new trial, nor was it properly briefed on appeal. The ruling need not rest on a procedural ground because of the manner in which the evidence was presented at trial. The defendant complains about the admission of the testimony of a witness named Thornton who gave the details of the defendant's brother aiming the shotgun at the deceased. Prior to the testimony of this witness, the defense had inquired of several witnesses concerning the prior affray in the park. This prior cross-examination was patently intended to show the disposition of the deceased to be aggressive and a fighter. When the State attempted to elicit from Thornton the details of the prior affray, the defendant objected. The trial court asserted that defendant had "opened up" the issue by his prior cross-examination and that the State was entitled to show the details of what had transpired. In this ruling, the trial court was correct. *State v. Dancy*, 541 S.W.2d 35 (Mo.App. 1976).

▮ The defendant also argues as to sufficiency a recitation of the evidence which is favorable to the defendant. It is the province of the jury to determine the credibility of the witnesses and the weight of their testimony. *State v. Tschirner*, 504 S.W.2d 302 (Mo.App.1973). The sharply contested issue in this case was the continued aggression of the deceased. It was for the jury to determine under the self-defense instruction that ultimate fact. This evidence would have supported either finding, and the jury made the finding against the defendant.

▮ Defendant also urges in his combined argument on the issue of sufficiency that self-defense was shown as a matter of law and that consequently the evidence cannot support the manslaughter conviction. Cited in support are *State v. Adkins*, 537 S.W.2d 246 (Mo.App.1976) and *State v. Jackson*, 522 S.W.2d 317 (Mo.App.1975). *Jackson* holds that on conflicting evidence it is a jury issue as to self-defense and only rarely is self-defense as a matter of law available to a defendant. Only when the evidence is clear and undisputed should a court direct an acquittal on the issue of self-defense. *Jackson, supra. Adkins* is inappropriately cited for there the court held even the submission of self-defense was not required. As noted, the facts here certainly could support the submission of self-defense, and it was submitted to the jury. On the disputed evidence of continued aggression by the deceased and the necessity for the use of fatal force, the jury found against the defendant.

▮ Defendant complains of error in the submission of capital murder. It has been consistently held in Missouri that the court need not consider this contention and that the defendant is in no position to complain of the giving of an instruction on a certain degree of murder where he was not convicted of that offense. *State v. Adams*, 497 S.W.2d 147 (Mo.1973); *State v. McQueen*, 399 S.W.2d 3 (Mo.1966), *cert. denied*, 384 U.S. 977, 86 S.Ct. 1873, 16 L.Ed.2d 687 (1966); *State v. Moore*, 499 S.W.2d 826 (Mo. App.1973).

▮ Finally, defendant asserts MAI–Cr 6.08 given verbatim is error since it requires no finding of intent. Manslaughter is defined by § 559.070 RSMo 1969 as any killing not declared to be murder or excusable or justifiable homicide. *State v. Brewster*, 525 S.W.2d 427, 431 (Mo.App.1975), holds that a manslaughter instruction need

not specifically require a finding of intentional killing or culpable negligence since under the statute manslaughter has become a "residual offense" and "encompasses every killing which is neither first nor second degree murder nor excusable or justifiable homicide." An instruction on manslaughter was there held sufficient if it excluded first and second degree murder and, where necessary under the evidence, justifiable and excusable homicide, and followed the language of the statute.

Furthermore, it is not open to this court to declare erroneous the use of a form which has been approved for standard use by the Supreme Court. *State v. Burton*, 544 S.W.2d 60 (Mo.App.1976); *State v. Brewster, supra; State v. Yeokum*, 516 S.W.2d 535 (Mo.App.1974).

Conviction affirmed.

All concur.