■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RIVERA, Also Known as PEDRO MOLINA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 20, 1978, convicting him of robbery in the second degree (two counts), assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. On April 4, 1977 the complainant was robbed by several men, one of whom he knew from the neighborhood by the nickname "Jose". Defendant was arrested on April 11, 1977 and a one-on-one showup was conducted at the station house. The People now concede that the showup was suggestive and in violation of the defendant's constitutional rights. Subsequent to the showup, defendant allegedly asked the police, "If I help you to apprehend the other perpetrators, would you give me a break?" Defendant's counsel had moved for a pretrial hearing to suppress that statement, alleging that he did not know whether defendant had been given his *Miranda* rights and whether the statement was voluntary. The trial court denied that application. At the trial, the complainant was unable to make an in-court identification because defendant had altered his appearance by cutting his hair and shaving his face. In an effort to remedy this situation, the prosecutor showed the complainant a single photograph, depicting defendant's appearance as it was on the day of his arrest. After the complainant identified the man in the photograph as "Jose", he was then able to positively identify defendant as "Jose". The use of the single

photograph to refresh the complaining witness' identification, coupled with the suggestive pretrial showup, created a substantial likelihood that the complainant's in-court identification of defendant was not reliable (see *Manson v Brathwaite,* 432 US 98). Consequently the court should have conducted an inquiry to ascertain the reliability of the complainant's corporeal identification. In summation, the prosecutor argued that defendant's alteration of his appearance was sufficient in and of itself to warrant a conviction. That comment was prejudicial and legally erroneous (see *People v Yazum,* 13 NY2d 302, 304). In discussing the assault upon the complaining witness, the prosecutor, in summation, noted that the complainant was an epileptic and made the following statement: "Isn't that sort of like the salt on the wound, the insult to the injury that you wanted to add to somebody you knew had a physical problem? Is that the sort of thing you would do, if you knew that?" These statements were improper and inflammatory and could only arouse sympathy in favor of the People's case and serve to compound the violation of due process. The People concede that defendant was entitled to a hearing on his motion to suppress the alleged statement (see *People v Murchinson,* 63 AD2d 655). Accordingly, a hearing should be held before the new trial. We have considered defendant's remaining points and find them to be without merit. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.