**STATE of Missouri, Respondent,**

v.

**Harry LITTLE, Appellant.**

**No. 40836.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 10, 1980.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

Daniel V. O'Brien, St. Louis, for appellant.

CLEMENS, Senior Judge.

A jury found defendant Harry Little guilty of second degree murder of his wife Sharon Little. Pursuant to the verdict the trial court sentenced defendant to life imprisonment and he has appealed.

Defendant's sole point is that the evidence was insufficient to support the second degree murder submission. This, contends defendant, because there was no substantial evidence to show he shot his wife other than "in anger, fear or agitation suddenly provoked by the unexpected acts or conduct" of the victim.

The state's evidence, beyond the corpus delicti which defendant concedes, was based on two unchallenged statements defendant gave the police. Harry and Sharon separated for a week and she was staying with her sister. Defendant went there and persuaded Sharon to go to their apartment and discuss their separation. There, they had a prolonged, emotional argument at the end of which Sharon cried out "stop, you're hurting me". She then ran toward the bedroom, where the couple kept a 22 calibre pistol. Defendant followed Sharon closely and as she reached into a drawer and took out the gun defendant grabbed her from behind and wrenched the weapon from her hand. Defendant and Sharon than backed away from each other, and after an unspecified interval he shot her. As Sharon ran out of the room defendant shot her four more times, fatally. Defendant then turned himself in to the police.

Defendant offered no evidence.

On appeal defendant concedes the essential elements of second degree murder are premeditation and malice aforethought, citing *State v. Strong*, 339 S.W.2d 759 [4–5] (Mo. 1960). He contends the elements of premeditation and malice are negated here by "Provocation tending to excite a heat of passion". This, defendant contends, is based on evidence that "when deceased drew the loaded revolver, his subsequent homicidal act could only have followed from anger, fear or agitation suddenly provoked by the unexpected acts or conduct of the deceased". This is pure speculation because there is no evidence that was defendant's mental state.

Defendant's contention of insufficient evidence to show premeditation and malice is refuted by the record. Defendant's mental state may be inferred from his actions. *State v. Meaney*, 563 S.W.2d 117 [7] (Mo.App. 1978). In *State v. Enlow*, 536 S.W.2d 533 [1] (Mo.App. 1976), we held: "Where the state's evidence shows a killing by the use of a deadly weapon upon a vital part of the body, nothing else appearing, murder in the second degree, from the necessities of the situation, will be presumed." So it is here.

Aside from this presumption, the record here affirmatively shows the necessary elements of malice and premeditation. Malice may be shown, as it was here, by evidence of the intentional killing with a deadly weapon. *State v. Williams*, 545 S.W.2d 342 [1, 2] (Mo.App. 1977). Premeditation need be shown to exist for only a moment before the killing. *State v. Howell*, 543 S.W.2d 836 [10] (Mo.App. 1976). The record shows that necessary time element.

We conclude the trial court did not err in submitting the verdict directing instruction on second degree murder.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.