STATE of Missouri,
Plaintiff–Respondent,

v.

Robert Wayne ESKINA,
Defendant–Appellant.

No. 11688.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 26, 1980.

Motion for Rehearing and/or to Transfer
to Supreme Court Denied Oct. 14, 1980.

Application to Transfer Denied
Nov. 12, 1980.

---

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

David Robards, Public Defender, Joplin, for defendant–appellant.

BILLINGS, Presiding Judge.

Defendant Robert Wayne Eskina was charged with capital murder and convicted of manslaughter by a Jasper County jury. His punishment was fixed at ten years imprisonment and this appeal followed. We affirm.

Defendant's first point is that "The trial court erred in submitting the case to the jury on the issue of whether the defendant had acted in lawful self–defense and should have granted a judgment of acquittal because the evidence was undisputed that the defendant had so acted so as to require the trial court to dispose of the charge without submitting it to a jury."

 Defendant's contention was not assigned as error in his motion for a new trial and is not preserved for appellate review. *State v. Edwards*, 574 S.W.2d 956 (Mo.App. 1978). Nevertheless, we have reviewed the evidence to determine whether plain error exists.

 "[W]here the evidence is conflicting or of such a character that different inferences might reasonably be drawn therefrom, it is generally a question of fact for the jury to determine whether the accused acted in self–defense in a particular case." *State v. Jackson*, 522 S.W.2d 317 (Mo.App. 1975). Here defendant fatally stabbed the victim with a seven–inch hunting knife as the victim was striking at defendant with his fists. While a showing of self–defense required the State to show beyond a reasonable doubt that the defendant did not act in lawful self–defense, it is only when all the evidence is undisputed that the trial court should dispose of the charge without submitting it to the jury. *State v. Lawson*, 585 S.W.2d 247 (Mo.App.1979). The reasonableness of defendant's belief that deadly force was necessary was here properly left to the jury. *State v. Thornton*, 532 S.W.2d 37 (Mo.App.1975).

 Defendant's remaining point assigns error in the court's submitting to the jury second degree murder because this caused the jury to "compromise" their verdict by finding the defendant guilty of manslaughter and assessing the maximum punishment for the latter offense. The law is clear in this state that the defendant is not in a position to complain of the giving of an instruction on a certain degree of murder where he was not convicted of that offense. *State v. Eldridge*, 564 S.W.2d 603 (Mo.App. 1978) and cases cited at 605. The point is denied.

The judgment is affirmed.

HOGAN and MAUS, JJ., concur.