**STATE of Missouri, Respondent,**

v.

**Alvin WILSON, Appellant.**

No. 63889.

Supreme Court of Missouri, Division One.

Jan. 11, 1983.

Motion for Rehearing or Transfer to Court En Banc Denied Feb. 23, 1983.

Anne Hall, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Presiding Judge.

Defendant was convicted of capital murder and sentenced to life imprisonment for a minimum of 50 years without probation or parole. This Court has jurisdiction. Mo. Const. art. V, § 3. His appeal raises two points of alleged error: (1) that there was insufficient evidence to support the conviction, as proof of the requisite deliberation was lacking; and (2) that the evidence demonstrated as a matter of law that defendant acted in self-defense. Neither point has merit, and we affirm.

An on-and-off Kansas City pool hall squabble led to the classic "step outside" confrontation between defendant and the victim, Rodney Greer. Outside the pool room premises, several state's witnesses, key among them being Otha Fudge, observed defendant produce an automatic weapon and shoot Greer several times. As Greer lay moaning and writhing face down on the sidewalk, defendant kicked at him and reloaded his automatic weapon. A girlfriend attempted to pull defendant away, urging him to leave, but he announced in street vernacular that he "was going to kill" Greer. He then placed the gun at Greer's head and fired it until there were no more cartridges. Greer died as a result of 12 gunshot wounds to the body and head. Twelve empty .32 caliber bullet casings were found at the site of the victim's demise.

Defendant acknowledged shooting the victim but by way of palliation explained that he thought Greer was in possession of a weapon, although none was found on or about his body.

Defendant's first point on appeal alleges that there was no evidence of the essential element of deliberation to convict him of capital murder. In this instance defendant argues that the killing occurred in the heat of passion without any cooling-off period.

■■■ An act done with deliberation requires it to be performed in a cool and deliberate state of mind. Whether there was deliberation is not dependent upon the time involved in the act. *State v. Morris,* 639 S.W.2d 589, 591 (Mo. banc 1982); *State v. Buckles,* 636 S.W.2d 914, 924 (Mo. banc 1982); *State v. Bolder,* 635 S.W.2d 673, 680 (Mo. banc 1982). And, as defendant concedes, the reviewing court need only determine whether the evidence is sufficient to make a submissible case from which reasonable jurors could have found defendant guilty as charged, including a finding as to

deliberation. *State v. Morris,* 639 S.W.2d at 591; *State v. Bolder,* 635 S.W.2d at 680.

 We believe under the circumstances and evidence of this case that the jury could reasonably find that the defendant killed the victim in deliberate, cold blood. He had fired his weapon at the victim until it was empty. Then as the victim lay helpless on the sidewalk, defendant without apparent haste scooped up some cartridges which he had dropped on the ground and reloaded his gun. Next, despite the urgings of a girl-friend for him to leave the premises and after clearly announcing his intent to kill, defendant placed three bullets in the victim's head as he lay face down, arms out-stretched, with some gasp of life remaining.

These circumstances give rise to the reasonable conclusion that defendant fully intended to kill the victim and accomplished his purpose after cool reflection. *State v. Morris,* 639 S.W.2d at 591–92.

Defendant's second point is that charges against him should have been dismissed, as the issue of self-defense was established in his favor as a matter of law. This point is destitute of merit.

When the facts of this case are tested against the components of the defense of self-defense, it is evident that defendant's argument must fail:

> The elements of self-defense in a homicide case are the absence of aggression or provocation on the part of the defendant, a real or apparently real necessity to kill to save himself from an immediate danger of serious bodily injury or death, reasonable cause for belief in such necessity, and the defendant's doing all within his power consistent with personal safety to avoid the danger and the need to take life.

*State v. McGowan,* 621 S.W.2d 557, 559 (Mo.App.1981).

Consideration must also be given to the precept of law that it is generally for the jury to decide the issue of self-defense. *State v. Hammonds,* 459 S.W.2d 365, 368 (Mo.1970); *State v. McGowan,* 621 S.W.2d at 559. And the self-defense issue was submitted under proper instruction to the jury and resolved against defendant.

On defendant's behalf, there was evidence of the victim's penchant for violence. But there was no evidence that the victim struck blows, that he had a weapon—although defendant stated he thought there might be one—or that in order to defend himself defendant had need to shoot Greer 12 times, including three times in the head with a reloaded gun as he lay moaning on the ground.

There was sufficient evidence to support the jury's verdict that the killing was not committed in lawful self-defense, and the self-defense issue was properly submitted to the jury. Certainly, self-defense was not established "by clear and 'undisputed and uncontradicted' evidence as claimed by the defendant." *State v. Simms,* 602 S.W.2d 760, 764 (Mo.App.1980).

Judgment affirmed.

RENDLEN, C.J., and BILLINGS, J., concur.

DONNELLY, J., not participating.