■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE POWELL, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 30, 1983, convicting him of robbery in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. The findings of fact have been considered and are determined to be established.

The evidence at trial established that Mrs. Ronni Freed was robbed at knifepoint in front of her fourth grade class at P.S. 26 in Brooklyn on September 28, 1981. The central issue at trial was the identity of the robber. One of Mrs. Freed's students on that date was Calvin Davenport, who was 10 years old at the time of the trial. He described the perpetrator and testified that he could identify him if he ever saw him again. Davenport further testified that in looking around the courtroom he could not identify anyone as him. Since defendant was clean shaven at trial and Davenport described the robber as having a full beard, the court, over defense counsel's objection, allowed Davenport to view a photograph taken of defendant on the day he was arrested in which defendant, had a full beard. Davenport identified the man in the photograph as the robber.

We conclude that the court erred in allowing Davenport to be shown a single photograph of a man who resembled the description that he had provided of the robber. This act was so suggestive that it created a substantial likelihood of irreparable misidentification by Davenport (cf. *Manson v Brathwaite*, 432 US 98). The only proper way to have shown Davenport defendant's photograph would have been to place it in an array of photographs of other men with beards who also fit the general description of the robber.

Further, this error cannot possibly be deemed harmless because the only other evidence linking defendant to the crime — the identification by Mrs. Freed — was far from overwhelming. The description of the robber which Mrs. Freed gave to the police immediately following the commission of the crime and defendant's actual appearance contained marked discrepancies. Thus, at the time of the incident, Mrs. Freed described her assailant as having extremely black skin and curly black hair with some white in it. Also, at the request of the police, she had examined photographs and picked out a photograph of a man who she believed was not the perpetrator but apparently resembled him in skin tone and hair. However, it was established upon trial by medical records and his arrest photograph that defendant had a medium brown complexion and black hair and, more important, that prior to the date of the robbery, he had suffered an extensive depressed skull fracture which left the entire right side of his forehead severely crushed in and scarred. Concededly, Mrs. Freed never noticed that the robber had such a facial deformity. While ultimately Mrs. Freed's identification testimony presented a question of credibility for the jury, it was not such

overwhelming proof of guilt as to render harmless the error in Davenport's photo identification. Bracken, Niehoff and Rubin, JJ., concur.

Titone, J. P., dissents and votes to affirm the judgment appealed from, with the following memorandum: This appeal concerns "what is apparently becoming a popular defense tactic" (*United States v Jackson,* 476 F2d 249, 253) — the drastic alteration of one's appearance between the occurrence of the crime and the time of trial (see Grano, *Kirby, Biggers* and *Ash:* Do Any Constitutional Safeguards Remain Against the Danger of Convicting The Innocent?, 72 Mich L Rev 717, 751). Defendant's strategy is rewarded by a majority of this court with a reversal. Because this determination rests upon a refusal of the majority to distinguish between an out-of-court and in-court identification, I dissent.

To be sure, the display of a single photograph to an eyewitness as a means of identifying a suspect may, in *some* instances, be improper (cf. *Manson v Brathwaite,* 432 US 98, 116; *People v Leonard,* 66 AD2d 805; *People v Laguer,* 58 AD2d 610). As the Supreme Court explained in *Simmons v United States* (390 US 377, 383-384), the vice in that technique is that "the witness thereafter is apt to retain in his memory the image of the photograph rather than of the person actually seen, reducing the trustworthiness of subsequent lineup or courtroom identification".

The risk of misidentification is diminished, however, when the identification procedure takes place at trial where "a course of cross-examination [may expose] to the jury the method's potential for error" (*Simmons v United States, supra,* p 384). Consequently, the limitations placed upon out-of-court use of photographs do "not apply to the in-court use of photographs" (*United States v King,* 433 F2d 937, 938, cert den 402 US 976; see *People v Massey,* 34 NY2d 877).

In-court identification procedures rest in the sound discretion of the Trial Judge (*United States v Satterfield,* 572 F2d 687, 690, cert den 439 US 840; *United States v Harvey,* 439 F2d 142, 143, cert den 403 US 934; *United States v Sherman,* 421 F2d 198, 200 cert den 398 US 914; *United States v Frazier,* 417 F2d 1138, cert den 397 US 1013; *United States v Peacock,* 400 F2d 992, 1000, cert den 393 US 1040; *Kessler v Cupp,* 11 Ore App 392; *State v Sprague,* 113 RI 351) and a variety of "suggestive" in-court procedures have been sustained, such as requiring a defendant to don distinctive clothing used in the crime (*United States v King, supra; Kessler v Cupp, supra; State v Sprague, supra*), admitting what is commonly referred to as a "mug shot" into

evidence to establish the defendant's appearance at a prior time (*People v Logan,* 25 NY2d 184, 195-196, cert den 396 US 1020; *People v Greenridge,* 46 AD2d 947, 948), and permitting the prosecutor to comment upon such a change in appearance (*United States v Jackson,* 476 F2d 249, *supra*). Indeed, the defendant's mere presence at trial itself probably constitutes the most suggestive show-up conceivable (see *Moore v Illinois,* 434 US 220, 230, n 5; 4 Wigmore, Evidence [Chadbourn Rev], § 1130; Uviller, The Role of the Defense Lawyer at a Lineup in Light of the Wade, Gilbert and Stovall Decisions, 4 Crim L Bull 273, 281-284).

A defendant not bent on gamesmanship is entitled, however, to some protection against a suggestive in-court identification procedure (see *United States v Archibald,* 734 F2d 938; *Kampshoff v Smith,* 698 F2d 581). Upon a proper application, a defendant presenting a misidentification claim may be entitled to an in-court lineup or pretrial lineup, in the exercise of discretion, before being required to confront identification witnesses in court (*United States v Archibald, supra; United States v Williams,* 436 F2d 1166, cert den 402 US 912; *Evans v Superior Ct. of Contra Costa County,* 11 Cal 3d 617; *People ex rel. Blassick v Callihan,* 50 I11 2d 330; *Commonwealth v Sexton,* 485 Pa 17; Sobel, Eye-Witness Identification, Legal and Practical Problems [2d ed], § 818, subd [a]; ALI Model Code of Pre-Arraignment Procedure, § 170.2, subds [2], [8]; cf. *Moore v Illinois,* 434 US 220, 230, n 5, *supra;* but see *United States ex rel. Clark v Fike,* 538 F2d 750, 755, cert den 429 US 1064; *United States v Edward,* 439 F2d 150).

Our decision in *People v Rivera* (74 AD2d 857) offers a useful illustration. In that case we held (p 858) that the use of a single photograph as the basis for an in-court identification "coupled with [a concededly] suggestive pretrial showup, created a substantial likelihood that the complainant's in-court identification * * * was not reliable". Thus, because the out-of-court identification could have tainted any subsequent identification, the in-court identification became suspect (cf. *Kampshoff v Smith,* 698 F2d 581, *supra*).[1]

Here, in contrast, we have no prior taint and the court correctly found that the photograph was the most accurate representation of the defendant's appearance at the time of the

---

1. I would note, parenthetically, that an inability to make a pretrial identification of the defendant, whether corporal or photographic, goes only to the weight of the in-court identification and not its admissibility (*United States v Toney,* 440 F2d 590; *State v Myers,* 117 Ariz 79, cert den 435 US 928; *People v Horne,* 619 P2d 53, 57 [Col]; *State v McKinney,* 498 SW2d 768 [Mo], cert den 415 US 926; Sobel, Eyewitness Identification, Legal and Practical Problems [2d ed], § 6.8).

robbery because the defendant had radically altered his appearance by shaving off his beard just before trial. Defense counsel never requested that a lineup or other out-of-court identification technique be employed, thus waiving the issue (*Moore v Illinois,* 434 US 220, 230, n 5, *supra*).[2] Had a lineup been requested, it would have been a fair quid pro quo that some means be taken to assure that defendant's physical appearance was the same as that at the time of the crime (cf. ALI Model Code of Pre-Arraignment Procedure, § 160.2, subd [7], par [a]; *United States v Gaines,* 450 F2d 186, 195, cert den 405 US 927; *United States v King,* 433 F2d 937, *supra; Andrews v State,* 291 Md 622). Be that as it may, the admission of the photograph in this case was for a proper purpose and infringed no constitutional or other rights (*United States v King, supra; People v Massey,* 34 NY2d 877, *supra; People v Logan,* 25 NY2d 184, 195-196, *supra; People v Greenridge,* 46 AD2d 947, 948, *supra*).

Finding no merit to any of the other contentions, I cast my vote for affirmance.

2. Although extra-judicial photographic identifications are not usually admissible in New York (e.g., *People v Caserta,* 19 NY2d 18, 21), I would tend to think that a defendant cannot have it both ways. If he changes his appearance and requests an out-of-court photographic procedure, the results should be received at trial (cf. *People v Lindsay,* 42 NY2d 9; *People v Brown,* 62 AD2d 715, affd 48 NY2d 921).