■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK SCHOENWANDT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered November 3, 1988, convicting him of attempted robbery in the first degree, robbery in the first degree (two counts), and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 30, October 2 and October 4, 1986, the defendant committed or attempted to commit a number of armed robberies at various locations in Suffolk County. On October 5, 1986, the defendant was stopped by the police in Queens County on an unrelated matter and was subsequently charged in Queens with, inter alia, criminal possession of a sawed-off shotgun and criminal possession of a stolen vehicle. As it happened, the weapon had been used in the Suffolk robberies and the vehicle had been stolen during the course of the last robbery. The defendant pleaded guilty in Queens County to criminal possession of a weapon in the third degree and was sentenced to an indeterminate term of one to three years imprisonment. He was thereafter arraigned in Suffolk County on the instant charges. At the time of the trial, he had served 20 months in prison on the Queens County conviction.

Contrary to the defendant's argument, there was no constitutional or statutory double jeopardy bar to the Suffolk County prosecution for robbery in the first degree as a result of his prior prosecution in Queens County for possession of a weapon in the third degree (CPL 40.20 [2] [b]; 40.10 [2] ). The test for determining whether two offenses forming part of a

transaction are different for the purposes of permitting successive prosecution is "whether each [statutory] provision requires proof of a fact which the other does not" *(Blockburger v United States,* 284 US 299, 304). In order to sustain a conviction of robbery in the first degree (Penal Law § 160.15 [4] ), the People must prove the elements of "forcible compulsion" and the display of "what appears to be a * * * firearm", neither of which are elements of criminal possession of a weapon in the third degree. Conversely, in order to sustain a conviction of possession of a weapon in the third degree (Penal Law § 265.02 [3] ), the People must prove the element of knowing possession "for the purpose of concealment or prevention of the detection of a crime", which is not an element of the robbery offense. Moreover, under Penal Law § 160.15 (4), it is not necessary that the defendant actually be in possession of a weapon to sustain a charge of robbery in the first degree *(see, People v Baskerville,* 60 NY2d 374, 381; *People v Lockwood,* 52 NY2d 790; *cf., Grady v Corbin,* 495 US —, 110 S Ct 2084).

We likewise reject the defendant's argument that his sentence in the instant case, when considered in conjunction with the sentence imposed upon his conviction in Queens County, constituted multiple punishment for the same offense. Since the court did not specify the manner in which the present sentence was to run with the sentence previously imposed in Queens County, the respective sentences ran concurrently by operation of law pursuant to Penal Law § 70.25 (1) (a). Further, the sentencing court's determination did not bar the defendant from commencing an appropriate proceeding to claim credit for the time he served under the prior Queens County conviction *(see,* Penal Law § 70.30).

The defendant's further contention that exhibition of his photograph, taken at the time of his arrest, to the witnesses, improperly bolstered the in-court identification, is without merit. The defendant presented a somewhat altered appearance at the trial, and the photographs were shown only subsequent to the victims' positive in-court identifications of the defendant *(cf., People v Powell,* 67 NY2d 661; *People v Rivera,* 74 AD2d 857). Under these circumstances, the display of the photographs to the victims to establish the defendant's appearance at the time of the robberies was proper.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual

review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5] ).

We have examined the defendant's remaining contentions and find them to be either without merit or unpreserved for appellate review. Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.