**STATE of Missouri, Respondent,**

v.

**Oscar BROOKS, Appellant.**

**No. 38148.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

April 18, 1978.

Motion for Rehearing and/or Transfer
Denied June 8, 1978.

Application to Transfer Denied July
24, 1978.

C. Clifford Schwartz, Jr., Robert W. Meyers, Shaw, Howlett & Schwartz, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Carson Elliff, Asst. Attys. Gen., Jefferson City, William Seibel, Jr., Pros. Atty., St. Charles County, St. Charles, for respondent.

ALDEN A. STOCKARD, Special Judge.

Appellant, Oscar Brooks, charged by information with rape, was found guilty by a jury of attempted rape. Such facts as are necessary to rule on the contentions presented will be stated in the course of this opinion. We affirm.

Appellant's first point is that the trial court committed prejudicial error (1) "in overruling [his] motion for a Protective Order and Sanction" and (2) "in allowing the [State] to cross-examine the. defendant's witnesses, Lenore Logan and Prentiss Holden from the depositional statements taken of said witnesses on February 13, 1976."

The circumstances from which this point arises are most inadequately set forth in the transcript. From the allegations in the motion for the protective order and from statements of counsel the following apparently occurred. On February 13, 1976 the State took the deposition of various witnesses, including Lenore Logan and Prentiss Holden, two alibi witnesses of appellant. On February 19, 1976, appellant filed a motion for "a Protective Order and Sanction," in which he alleged that (1) pursuant to notice to take the deposition of said persons, appellant's counsel appeared at the St. Charles County Court House but "no depositions were taken in this cause," but that the prosecutor "by intimidation and remarks direct comments" to Lenore Logan did attempt to intimidate her in her testimony and put her in fear should she be called as a witness in this case; and (2) the prosecutor "did further not allow [appellant's] attorney to ask the witness Prentiss Holden any questions," and that the reporter complied with those directions. Appellant prayed for an order that "the depositional statements of the said Lenore Logan and Prentiss Holden be stricken and * * [that the Court] enter a protective order and sanction against [the prosecutor] for any similar or like conduct."

The above motion was taken up by the court on March 1, 1976, and although timely notice was given to appellant neither he nor his counsel was present. The motion was denied after a hearing at which the reporter who had taken the depositions testified under oath and denied the occurrence of the allegations in appellant's motion.

When the case came on for trial (before a judge different from the one who ruled on the motion), counsel for appellant stated that he "would like to make a record." He then related orally to the court the substance of the allegations in the motion, except that he expanded his charge to include a denial of the right to ask questions of Lenore Logan. He attempted to justify his absence at the hearing on the motion for a protective order because he was in court in St. Louis County and that he had made an oral request for a continuance to an assistant prosecuting attorney other than the one handling the case. The court apparently had before it the depositions because it commented that it "appears * * * that defense counsel indicated he had no questions of the witnesses."

Both witnesses were called by appellant at the trial, and each testified to an alibi. On cross-examination of Lenore Logan no reference was made to her deposition, and there was no attempt to impeach her by use of the deposition. Prentiss Holden testified on direct examination that on June 13, 1976 appellant was at a house in Kirkwood at the time of the alleged offense. On cross-examination the State was permitted to show that he testified on deposition that he knew the day but he could not "say for sure the date."

■ If appellant desired to reopen the issue of the ruling on the motion, as distinguished from "making a record," the proper way to do so was not by the use of oral unsworn statements to the court. Nothing was presented to the trial court to compel, or even justify, a change in the ruling previously made, and the use of the deposition of Prentiss Holden for impeachment was proper. Appellant has demonstrated nothing which was prejudicial to him, and his first point is overruled as being without merit.

■ Appellant assigns as error the refusal of the court to give an Instruction in the form of MAI-CR 3.52 which pertains to "Impeachment or Rehabilitation by Prior Statement of Witnesses Other Than Defendant."

In argument appellant asserts that Gladys Davis "admitted making some prior inconsistent statements to the police," but

he does not set forth, even in argument, what those statements were. He does give a page reference to the transcript, but we do not there find an admission of prior inconsistent statements. On the cited page we find that Gladys Davis answered "yes" to the question, "Are you telling me, ma'am, and telling these ladies and gentlemen of the jury that you told the police officers that someone had raped you and penetrated your vaginal area?" She then stated, "I'm not sure that I said tried to rape or raped." Appellant does not cite the testimony he contends was inconsistent with this. Also, in Notes on Use to MAI–CR 3.52 it is stated: "2. This instruction should not be given if, during the examination of a witness or otherwise, prior * * inconsistent statements come into the case *without limiting them at that time* to the purposes of impeaching or corroborating the *credibility* of the witness." This did not occur in this case. The point is without merit.

■ Appellant's third point is that the court erred in refusing to instruct the jury that "because of the State's failure to call all of their witnesses in this case, you may presume that the evidence that they would give you would be unfavorable to them." There is no such instruction in MAI–CR, and such an instruction, if given, would have constituted a comment by the court on the evidence and therefore was properly refused. *State v. Parker*, 543 S.W.2d 236 (Mo.App.1976).

■ Appellant also asserts (Point IV) that the court erred in refusing to permit him to argue that because of the failure of the State to call all their witnesses the jury could presume that the testimony would have been unfavorable. As a general rule, when a witness is more available to one party, including the State, than to another and might reasonably be expected to give testimony in that party's favor, an unfavorable inference, not a presumption, may be drawn from the failure to produce the witness, *State v. Johnson*, 536 S.W.2d 851 (Mo. App.1976), but such an inference is not permissible where the testimony of the un-

called witness would be cumulative or where it would be inadmissible if offered. *State v. Wallach*, 389 S.W.2d 7 (Mo.1965); *State v. Johnson*, supra. Appellant made it clear to the trial court that he referred to the failure of the State to call three police officers who were endorsed, and that he was relying on a police report which was before the court to indicate the testimony they would give. After a full discussion the trial court commented that "any testimony that would be given by the police officers would be either subject to hearsay objection and not admissible or would be merely cumulative of other testimony that is in the case. Therefore neither the giving of the instruction nor comment upon the failure to call those witnesses would be proper or permitted in the case." The police report is not before us, and appellant makes no effort to demonstrate why the ruling of the trial court pertaining to the testimony of the police officers as disclosed by the police report was not correct. We find no prejudicial error.

■ The fifth point is that the trial court erred in "giving to the jury its Instruction Numbered 6 for the reason that it misstated the issues and evidence in this case." This instruction followed the form of MAI–CR 3.42 entitled "Circumstantial Evidence." This instruction may properly be given even if there is direct evidence of guilt. Note 2, MAI–CR 3.42. Appellant argues that there was no circumstantial evidence; only direct evidence. In this he is in error. The testimony of witnesses as to the physical condition of the complaining witness after the alleged assault was circumstantial in nature as to the commission of the assault. *State v. Cox*, 352 S.W.2d 665, 670 (Mo.1962). In addition, appellant demonstrates no prejudice from this instruction, which was favorable to him, and assuming that there was only direct testimony of appellant's guilt, it was not reversible error to give the instruction in these circumstances. *State v. Rollins*, 449 S.W.2d 585 (Mo.1970).

■ Appellant's next point (No. VI) is that it was prejudicially erroneous for the

court to give Instruction No. 7, a verdict-directing instruction on rape, when the evidence was insufficient to authorize a finding of that offense. The immediate answer is that appellant was not found guilty of the offense of rape. It has long been the rule that the submission of a more serious offense, even though it is not sustained by the evidence, is not prejudicial when the verdict is for a lesser offense that is sustained by the evidence. *State v. Ebrite*, 185 S.W.2d 663 (Mo.App.1945). By analogy see *State v. Osborne*, 246 S.W. 878 (Mo.1922); *State v. Woolford*, 545 S.W.2d 367 (Mo.App. 1976); *State v. Gillette*, 277 S.W.2d 680 (Mo.App.1955). The point is without merit.

■ Point No. VII is that it was error to give Instruction No. 8, the verdict directing instruction on attempted rape of which appellant was found guilty, because "there is no evidence of same" and because the instruction "is against the law under the circumstances and evidence in the case."

We need not set forth the testimony to demonstrate that the evidence clearly authorized a finding of an attempt to rape. Appellant's argument is that "if there is sufficient evidence upon which to base an instruction on rape itself, the Court cannot also submit an attempted rape since it is mutually exclusive to the charge of rape and is not a lesser included offense * * ." In making this argument appellant relies on § 556.160 RSMo 1969, which provides that "No person shall be convicted of an * * attempt to commit a crime * * * when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault or in pursuance of such attempt."

In *State v. Pigques*, 310 S.W.2d 942 (1958), the Missouri Supreme Court commented that "It would appear to be the customary practice of prosecuting officials, in cases where there may be doubt as to whether a defendant has committed the offense or merely an attempt, to charge the offense, and then upon a trial, the issue of defendant's guilt as to either the offense charged or an attempt [and perhaps in some instances both] may be submitted to the

jury in accordance with the facts disclosed by the evidence." The court cited *State v. Scott*, 172 Mo. 536, 72 S.W. 897, 900 (1903), wherein it was stated: "If, therefore, under an indictment for rape or other felony, the evidence fails to show a perpetration of the offense charged, but does establish an assault necessarily included in the charge, the defendant may still be convicted [of the assault] under the charge for the major offense; and we may add that if the evidence is conflicting, and there is testimony to sustain the completed offense, and evidence tending to show that it was only an assault, it is the duty of the court by appropriate instructions to inform the jury that, if the evidence satisfies them beyond a reasonable doubt that the offense of rape or other felony was in fact perpetuated, then they must find him guilty of the offense charged, and are not authorized to find him guilty of an assault merely, but if, on the other hand, the jury are satisfied * * * that the offense was not perpetrated, but that an assault to commit the same was committed, then they should find him guilty of an assault." In this case the charge was rape but the evidence whether that offense was committed was not conclusive. The jury was instructed as to rape, but it was also instructed that "If you do not find the defendant guilty of rape, you must consider whether he is guilty of attempted rape." The jury was then instructed as to that offense, and by reason of 556.220 RSMo 1969, a conviction may be had of attempted rape under a charge of rape. *State v. Frank*, 103 Mo. 120, 15 S.W. 330 (1891); *State v. Whitaker*, 275 S.W.2d 322 (Mo. 1955). The prohibition of § 556.160 was not violated in this case. The jury found appellant not guilty of rape. Therefore, he was not convicted of an "attempt to commit" rape when it "appear[ed] that the * * * offense attempted was perpetrated."

Pursuant to Rule 25.34(A)(5) the State requested disclosure by the appellant as to whether he intended to rely on the defense of alibi. Although there was an indication by his then counsel that he did not intend to do so, four months later when the case was

set for trial appellant's new counsel announced that he did intend to rely on an alibi. This resulted in a continuance. During cross-examination of appellant the following question was asked: "What I want to know, Oscar, is why the Prosecuting Attorney, myself, who was handling this case from its inception from June 14, 1975, why it was January 20, 1976, before I ever heard anything about this alibi of yours? Would you explain that, why—." Appellant objected and requested a mistrial.

In *State v. Roth*, 549 S.W.2d 652, 655 (Mo.App.1977), it was held that "prosecution impeachment of the post-arrest silence of an accused not only violates the self-incrimination clauses of the Fifth Amendment to the Federal Constitution and Article 1, § 19 of the Missouri Constitution," but further that since *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), it "results in a denial of constitutional due process." See also, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). We need not in the circumstances of this case expressly rule on the possible infringements of constitutional rights by asking the question. We consider the question to have been objectionable in any event. But, the question was not answered, and after a discussion between counsel the trial court sustained the objection and instructed the jury to disregard the question.

The trial court observed the incident and was in a better position than this court to evaluate the prejudicial effect, if any, and the possibility of its removal by some action short of a new trial, *State v. Roberts*, 535 S.W.2d 119 (Mo.App.1976), which is a most drastic remedy and should be resorted to only when the incident is so grievous that the prejudicial effects can be removed no other way. *State v. Smith*, 431 S.W.2d 74, 84 (Mo.1968). We cannot say as a matter of law that the remedial action taken by the trial court was not sufficient in the circumstances, or that the trial court abused its discretion in not declaring a mistrial.

Appellant's final point is that "the finding and judgment of the Court is against the weight of credible evidence." The weight of the evidence is not a matter for review by an appellate court. *State v. Parker*, supra. It should determine only whether there was substantial evidence to support the verdict, *State v. Morgan*, 453 S.W.2d 932 (Mo.1970), and there clearly was in this case.

The judgment is affirmed.

DOWD, P. J., and SNYDER, J., concur.