**STATE of Missouri, Respondent,**

v.

**Lloyd BARTON, Appellant.**

**No. 42064.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 15, 1980.

Hale W. Brown, Kirkwood, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Gary E. Stevenson, Prosecuting Atty., Thomas Ray, Asst. Pros. Atty., Farmington, for respondent.

CRIST, Judge.

Defendant was charged by information with assault with the intent to kill *with malice aforethought*, but was convicted by the jury of a lesser included offense of assault with intent to do great bodily harm *without malice*. Under the Second Offender Act, his punishment was assessed at five years imprisonment. We affirm.

■ We are obliged to review the evidence, together with all reasonable inferences to be drawn therefrom, in a light most favorable to the state. *State v. Winters*, 579 S.W.2d 715, 717 (Mo.App.1979). Evidence or inferences to the contrary must be disregarded. *State v. Arnold*, 574 S.W.2d 1, 3 (Mo.App.1978). So viewed, the evidence appears as follows:

On May 17, 1978, the victim, Thomas Wells, went to a rural tavern in St. Francois County at about 11:15 p. m. Around midnight, as Wells was engaged in conversation with an acquaintance, the defendant entered the tavern made some disparaging remarks concerning Wells, and said, "[t]here's going to be a wrestling match before I leave this place."

Wells walked outside the tavern with several of his friends. Defendant left but returned in a matter of minutes to drive back and forth several times in front of the tavern. Upon learning that the defendant was probably carrying a gun, Wells sent for his father. The senior Wells arrived, and shortly thereafter defendant reappeared. He drove slowly past the tavern with a shotgun barrel protruding from his driver's side window. One of the Wells' entourage threw a brick at defendant's car which broke its rear window. Defendant stepped out of the car, advanced toward the group, and pointed his shotgun in the general direction of Wells. Wells' wife stepped in front of him, and told defendant that he would have to shoot her first. Wells thrust her aside. Defendant raised the shotgun to his shoulder and fired *at* Wells from a distance of approximately 20–30 feet, striking Wells in a number of places with buckshot. Wells fell, though not seriously wounded, then jumped up and ran, whereupon defendant continued to pursue Wells around the parking lot with the weapon until subdued by Wells and the others present.

■ At first blush, defendant's "Point Relied On" is somewhat misleading, but a

perusal of his argument indicates he believes the evidence was insufficient to support a conviction under the original charge, to-wit: assault with intent to kill with malice aforethought. Accordingly, he reasons that the trial court committed error when it failed to sustain his motion for acquittal and to dismiss the case in its entirety at the close of all the evidence. Defendant also argues that the court committed contiguous error in that it permitted the jury to be instructed as to the original charge.

Defendant's argument points to evidence which indicates that defendant was some 25–30 feet from the victim when he fired. Defendant states that had he actually intended to shoot Wells, from such a distance he would have inflicted considerably more damage than the victim actually suffered. Defendant relies on *State v. Harty*, 569 S.W.2d 783 (Mo.App.1978) which requires proof of intent in order to convict a defendant with either assault with intent to kill with malice aforethought or assault to do great bodily harm without malice. Defendant feels that without the requisite demonstration of intent, he is guilty of no more than common assault.

In our view, defendant erroneously equates intent with ability, or perhaps more aptly, with results. As so sagely pointed out in his brief, the jury might well have concluded that the defendant was, ". . . so drunk or ignorant that he missed . ." Tom Wells, or at least, almost missed.

■ Contrary to defendant's ill-conceived supposition, it is not prejudicial error to submit the greater offense for the jury's consideration, even where the facts would not support a conviction therefor, when the verdict received was for the lesser offense and that verdict is sustained by the evidence. *State v. Brooks*, 567 S.W.2d 348, 352 (Mo.App.1978). And, we specifically note that the charge of assault with intent to kill with malice aforethought did not expire from lack of evidence, but rather, from lack of a jury verdict.

Our foregoing, particularized recitation of the evidence purveys an adequate factual basis for defendant's conviction in that there was substantial evidence that defendant shot *at* Wells. We cannot oblige defendant by ignoring the evidence adduced by the state or in re—weighing the testimony. *State v. Arnold, supra*.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.