**STATE of Missouri, Respondent,**

v.

**Bette Catherine WITT, Appellant.**

**No. WD 35627.**

Missouri Court of Appeals,
Western District.

Jan. 15, 1985.

Mark L. Willens, Kansas City, for appellant.

Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

CLARK, Judge.

Appellant was convicted by a jury of the offense of possession of marijuana and was sentenced to one year in the county jail and fined $1000.00. On this appeal, she contends the trial court erred in failing to sustain her motion for directed verdict at the close of the evidence and in permitting the state to introduce evidence, over objection, as to conduct of appellant's husband and another in their apparent cultivation and harvest of marijuana. Affirmed.

The evidence entitled the jury to find that in the late summer and fall of 1982, police officers became aware that marijuana was being grown in a cornfield in Randolph County. The area was placed under surveillance and in September, four individuals dressed in camouflage clothing were seen to come out of the field. One was later identified as appellant. By October, signs that the marijuana was being cut were observed. Investigation disclosed trash bags admittedly containing more than 35 grams of marijuana, a Tupperware container, an open box of trash bags, a corn knife and a canteen. Appellant's husband and a third party were found to be in the field and they were arrested. The

hands of each were stained with a substance later determined to be the active ingredient of marijuana.

That same evening, while the officers were completing their search of the area, appellant drove up with a quantity of beer and two carry-out meals. She was questioned as to her identity, was recognized by one of the officers as a person seen in the field in September and she was placed under arrest. Appellant was searched and found to be in possession of a bag of marijuana and a marijuana cigarette, the aggregate weight of both being less than 35 grams.

The information under which appellant was tried charged a violation of § 195.020, RSMo.1978, which prohibits possession of controlled substances. Although there is but one proscriptive statute covering possession of controlled substances, the offense in cases of marijuana may be a felony or a misdemeanor under the punishment statute, § 195.200, RSMo.1978, depending on whether the quantity is more or less than 35 grams. Appellant was charged with possessing more than 35 grams, a felony. As instructed, the jury was to find appellant guilty or not guilty, first as to possession of more than 35 grams, and if not guilty of possessing the larger quantity, appellant was to be convicted or acquitted of possessing marijuana without regard to quantity. The jury returned a conviction as to the latter, thus finding appellant guilty of a misdemeanor.

In the first point on this appeal, appellant contends the trial court erred in failing to sustain appellant's motion for discharge at the close of the evidence. She argues that the case should not have gone to the jury because there was no evidence to support the offense charged, possession of more than 35 grams. She freely acknowledges the conclusive proof that she possessed the cigarette and bag of marijuana but argues that the state assumed a burden under the information to prove the felony quantity and when that proof was not forthcoming, the case was at an end.

Initially, it appears that the state was primarily basing the charge and prosecution of appellant on a theory of joint constructive possession of the harvested marijuana by appellant, her husband and the companion, all of whom were arrested at approximately the same time. That proof failed, and the state does not contend here otherwise, because appellant was no where near the bags of harvested marijuana, the material was in an open field and there was no evidence appellant had participated in gathering the marijuana. As a part of its case, however, the state did prove the possession by appellant on her person of marijuana in a quantity of less than 35 grams. The state's argument to the jury was, first, that a case of constructive possession by appellant of the bagged marijuana justifying the felony conviction had been made. If, however, the jury was unable to find that constructive possession they should at least convict of the misdemeanor as to which there was no actual fact dispute.

Appellant's argument is, in the main, in support of a contention which the state does not resist, that is, no submissible case was made on the felony charge of possession of more than 35 grams of marijuana. While conceding that proof of possession of less than 35 grams of the substance was conclusive, appellant rests her appeal on the assumption, for which no case authority is supplied, that failure of proof on the felony charged precluded submission of any charge to the jury. That assumption is erroneous and defeats the argument.

■ It is first appropriate to note that appellant and the state take no issue with the underlying hypothesis, essential to both sides of the contention, that misdemeanor possession of marijuana is a lesser included offense of felony possession. As this court noted in *State v. Neighbors*, 613 S.W.2d 143, 146 (Mo.App.1980), the lesser included offense concept includes the condition that all legal and factual elements of the felony offense, as here, were included in the case made as to the misdemeanor offense. Without expressing any opinion on the question because no issue on the subject is

made by appellant, we indulge the parties' assumption that the state's proof here as to felony possession failed only as to quantity, but sufficed otherwise both factually and legally to make a case of misdemeanor possession.

The question posed in this situation is whether it is error to submit a criminal case to the jury on instructions as to greater and lesser included offenses where only the greater offense is charged and insufficient evidence is presented to support a conviction on the greater charge.

Several cases have announced the proposition that submission of a more serious offense, even though not sustained by the evidence, is not prejudicial when the verdict of conviction is for a lesser included offense that is sustained by the evidence. *State v. Brooks,* 567 S.W.2d 348, 352 (Mo. App.1978) and, more recently, *State v. Barton,* 602 S.W.2d 479, 481 (Mo.App.1980). Upon examination of the earlier authorities cited and relied on in *Brooks,* it appears the rationale is that an accused has no standing to complain as to insufficiency of evidence to support a charge on which he has been acquitted.

■ Here, appellant was not aggrieved by the court's submission to the jury of the felony possession charge because she was acquitted of that offense. Notwithstanding that proposition, however, she contends there was actual prejudice because submission of the felony charge resulted in a compromise verdict in which the jury convicted of the lesser offense but assessed the maximum sentence. Again, however, acquittal on the felony charge vitiates any standing appellant may have had to complain about the instruction. *State v. Eskina,* 606 S.W.2d 270 (Mo.App. 1980).

In her second and final point appellant contends the trial court erred in failing to sustain her objections and to exclude from evidence all testimony and exhibits showing the conduct of appellant's husband and his companion and the evidence about the marijuana grown and harvested in the cornfield. She says that evidence did not support any finding of guilt on her part under a theory of constructive possession, but merely inflamed and prejudiced the jury against her.

The point requires only minimal discussion. We first note that all evidence which the prosecution offers in a case is necessarily designed to prove the guilt of the accused and is therefore prejudicial. A defendant makes no point on appeal by contending that the state's evidence was prejudicial.

As to the complaint that the evidence was not relevant, the argument is one couched in retrospect based on the claim that no case of felony possession was made against appellant. The state's theory was that appellant was in constructive possession of the marijuana which had apparently been grown and harvested by appellant's husband and his companion. The evidence about which appellant now complains was offered and was necessary to support that theory of prosecution. Its' quality was untested until the proof was in. This is not a case where irrelevant evidence was sought to be suppressed in a pretrial hearing, but merely an attempt by the state, unsuccessful as it turned out to be, to make its case.

■ Whether challenged evidence offered at trial is excludable on grounds of relevancy is an issue which the trial court must decide in the exercise of its discretion. *State v. Gilmore,* 661 S.W.2d 519, 523 (Mo. banc 1983). On appeal, the trial court is not to be held in error absent a showing of abuse of discretion in its rulings where objections are based on relevancy. From the recitation of the facts of this case as set out in this opinion, it is obvious the trial court committed no abuse of discretion when it permitted the state to attempt to make its case by showing the activities of appellant's husband and his companion.

The judgment is affirmed.

All concur.