EDWIN H. SMITH, Chief Judge.
 

 Eddie Collins (Eddie) and his son and co-defendant, Teddy Collins (Teddy), appeal the judgments of their convictions, after a jury trial, of assault in the third degree, § 565.070.
 
 [1]
 
 They were both charged with assault in the first degree, § 565.050, but were acquitted by the jury of that offense and the lesser-included offense of assault in the second degree, § 565.060.
 

 In their joint brief on appeal, the appellants raise three claims of error. In Point I, they attack both of their convictions, while in Point II Teddy attacks his conviction and in Point III, Eddie attacks his conviction. In Point I, the appellants claim that the trial court erred in overruling their motions for judgment of acquittal, at the close of the State’s evidence, on the charge of assault in the first degree, because the State failed to make a submis-sible case as to that offense by faffing to show, as required, that they caused serious physical injury to the victim. In Point II, Teddy claims that the trial court erred in instructing the jury, as to him, on the offense of assault in the third degree because it was. not charged in the amended information and was not a lesser-included offense of the charged offense, assault in the first degree. In Point III, Eddie makes the same claim of error, with respect to his conviction, as Teddy makes in Point II as to his conviction.
 

 We dismiss.
 

 Facts
 

 On February 13, 2003, the appellants were charged in the Circuit Court of Shelby County, by way of amended information, with assault in the first degree, § 565.050. The State alleged that “on or about November 13, 2002, ... the [appellants] knowingly caused serious physical injury to James E. Barry by striking him with their hands or feet.”
 

 The appellants’ cases were consolidated for trial and proceeded to a jury trial on September 25, 2003, in the Circuit Court of Randolph County, following a change of venue. The sole witness called by the State to testify was the victim. He testified that on November 13, 2002, the appellants appeared at his residence, demanding
 
 *476
 
 that he apologize to Ida Collins, Eddie’s wife and Teddy’s mother, in regard to a dispute that had occurred earlier that day. The dispute between the victim and Mrs. Collins arose over the victim’s supervision of a sewer line replacement project that necessitated a city crew doing work on the Collins’ property. The victim was employed by the City of Clarence as its City Superintendent.
 

 The victim testified that when he refused to apologize to Mrs. Collins, Teddy poked him in the chest and said, “If you ever set foot off this place, I’ll get you.” According to the victim, he then walked across the porch and into his lawn in an attempt to leave his residence, at which time Eddie grabbed him by the coat, shook him, and threw him to the ground. When asked by counsel what happened next, the victim answered that he wasn’t sure, but he “got hit, or kicked, two or three times[,]” and that, as a result, several bones under his eye were broken and his skull was fractured. However, he was unable to testify as to who hit or kicked him after Eddie had thrown him to the ground.
 

 The appellants moved for judgment of acquittal at the close of the State’s evidence and again at the close of all the evidence. The trial court denied both motions.
 

 The jury was instructed on first, second and third degree assault as to both Teddy and Eddie. The verdict directors submitting both first and second degree assault mirrored the language set forth in the amended information as to the criminal acts alleged; Hence, as to first and second degree assault, the jury was instructed that it should convict the appellants if it believed beyond a reasonable doubt that they either knowingly, for first degree assault, or recklessly, for second degree assault, “caused serious physical injury to James E. Barry by striking him with [their] hands or feet.” As to third degree assault, however, the language of the verdict director alleged different acts than those alleged as to first and second degree assault. In that regard, the jury was directed, in Instruction No. 15, that it should convict Teddy of assault in the third degree if it believed beyond a reasonable doubt that he “knowingly caused physical contact with James E. Barry by poking him with his finger, knowing that James E. Barry would regard such contact as offensive or provocative.” As to Eddie, the jury was directed, in Instruction No. 9, to convict if it found beyond a reasonable doubt that he “knowingly attempted to cause physical injury to James E. Barry by grabbing his coat with his hands and shaking him.”
 

 On September 26, 2003, the jury returned its verdicts, finding Teddy and Eddie guilty of third degree assault, but acquitting them of first and second degree assault. On October 14, 2003, the appellants filed a joint motion for judgment of acquittal or in the alternative, for a new trial, alleging,
 
 inter alia,
 
 that the trial court erred in instructing on third degree assault, as “neither of [the assaults referenced in the instructions] are lesser included offenses of the assault specifically charged by the State — hitting and kicking Mr. Barry causing serious physical injury.” The motion was overruled.
 

 On November 12, 2003, the trial court sentenced the appellants. In its form judgment entry, the trial court indicated that Teddy had been convicted of assault in the third degree, a class
 
 A
 
 misdemean- or, for which he was sentenced to fifteen days in the county jail. As to Eddie, the court’s form judgment entry indicated that he had been convicted of assault in the third degree, a class
 
 C
 
 misdemeanor, for which he was sentenced to sixty days in the county jail.
 

 This appeal followed.
 

 
 *477
 
 I.
 

 Before addressing the merits of the appellants’ claims of error, we first address the obvious discrepancies between the trial court’s judgment entries as to the crimes of which the appellants were convicted and the guilty verdicts that the record reflects were returned by the jury and on which the appellants were sentenced. Because this issue was not briefed by the parties, we review it for plain error, in accordance with Rule 30.20.
 
 [2]
 

 Rule 30.20 provides, in pertinent part, that “[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or a miscarriage of justice has resulted therefrom.” The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review.
 
 State v. Carr,
 
 50 S.W.3d 848, 853 (Mo.App.2001). In determining whether to exercise its discretion to provide plain error review, the appellate court looks to determine whether on the face of the appellant’s claim substantial grounds exist for believing that the trial court committed a “plain” error, which resulted in manifest injustice or a miscarriage of justice.
 
 State v. Dudley,
 
 51 S.W.3d 44, 53 (Mo.App.2001). “Plain” error for purposes of Rule 30.20 is error that is evident, obvious and clear.
 
 State v. Hibler,
 
 21 S.W.3d 87, 96 (Mo.App.2000).
 

 If the appellate court chooses to exercise its discretion to conduct plain error review, the process involves two steps. First, the court must determine whether the trial court committed error, affecting substantial rights, that was evident, obvious and clear.
 
 Id.
 
 As in the case of our review for “regular” error, not every obvious error found in plain error review mandates reversal.
 
 Carr,
 
 50 S.W.3d at 853. In the case of review for “regular” error, to be reversible, the found error must have prejudiced the appellant.
 
 State v. Taylor,
 
 67 S.W.3d 713, 715 (Mo.App.2002). Likewise, in the case of review for plain error, the error found must have prejudiced the appellant, except that such prejudice must rise to the level of manifest injustice or a miscarriage of justice.
 
 State v. Cole,
 
 71 S.W.3d 163, 170 (Mo.
 
 banc
 
 2002). Thus, even if obvious and clear error is found in the first step of the review, the second step of plain error review requires the court to determine whether manifest injustice or a miscarriage of justice resulted therefrom.
 
 Hibler,
 
 21 S.W.3d at 96.
 

 In its form judgment entry, the trial court found that Teddy was convicted of assault in the third degree, a class
 
 A
 
 misdemeanor, and sentenced him to fifteen days in jail. However, the jury, in its verdict, found Teddy guilty “as submitted in Instruction No.
 
 15,”
 
 which hypothesizes acts constituting the class
 
 C
 
 misdemeanor of assault in the third degree, in accordance with § 565.070.1(5). Section 565.070.1(5) reads: “1. A person commits the crime of assault in the third degree, if: ... (5) The person knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative[.]” Section 565.070.3 provides that a “person who violates the provisions of subdivision (3) or (5) of subsection 1 of this section is guilty of a class C misdemeanor.” Instruction No. 15 parrots § 565.070.1(5), instructing the jury that it should convict Teddy of assault in the third degree if it believed beyond a reasonable doubt that he “knowingly
 
 *478
 
 caused physical contact with James E. Barry by poking him with his finger, knowing that James E. Barry would regard such contact as offensive or provocative.” Thus, contrary to what the trial court found in its judgment entry, the record clearly demonstrates that Teddy was found guilty by the jury of the class
 
 C
 
 misdemeanor of assault in the third degree, not the class
 
 A
 
 misdemeanor of assault in the third degree.
 

 As to Eddie, the trial court, in its form judgment entry, found that he had also been convicted of the class
 
 C
 
 misdemeanor of assault in the third degree and sentenced him to sixty days in the county jail. Of course, such a sentence exceeds the maximum jail sentence allowed for a class C misdemeanor, which is fifteen days. § 558.011.1(7). Hence, either the sentence of sixty days in jail was in error, or the trial court’s finding that he was convicted of a class C misdemeanor was in error. The record would support the latter.
 

 The record reflects that the jury found Eddie guilty of assault in the third degree, as instructed in Instruction No. 9. Instruction No. 9 directed the jury to convict Eddie of assault in the third degree if it found beyond a reasonable doubt that he “knowingly attempted to cause physical injury to James E. Barry by grabbing his coat with his hands and shaking him.” This language mirrors the language of § 565.070.1(1), which reads: “A person commits the crime of assault in the third degree if: (1) The person attempts to cause or recklessly causes physical injury to another person.” A violation of § 565.070.1(1) is a class A misdemeanor. § 565.070.2. Hence, it is apparent that the jury found Eddie guilty of a class A misdemeanor of assault in the third degree, not a class C misdemeanor as found in the trial court’s judgment. This, of course, would be consistent with Eddie’s sentence of 60 days in jail. A class A misdemeanor is punishable by jail sentence up to one year. § 558.011.1(5). Given this fact, it is readily apparent that the trial court, in its form judgment entries, mistakenly switched the class of misdemeanor of which each appellant was found guilty.
 
 [3]
 

 As a general rule, where there is a material discrepancy between the oral pronouncement of the trial court’s judgment and sentence, and the written judgment entry, the oral pronouncement controls.
 
 State v. Patterson,
 
 959 S.W.2d 940, 941 (Mo.App.1998). In this case, we do not know what the oral pronouncement of the trial court was as to the appellants’ convictions and sentences in that they did not include that in the record on appeal. However, because a “judgment derives its force from the rendition of the court’s judicial act and not from the ministerial act of its entry upon the record,”
 
 id.,
 
 and it is crystal clear from the record, as we discuss,
 
 supra,
 
 that the trial court erred in entering its judgments of conviction and sentences as to both appellants, the trial court’s judgment entries were in error as to the class of misdemeanor of which each appellant was convicted. Hence, in reviewing the appellants’ claims, we review on the premise that Eddie was convicted of the class A misdemeanor of assault in the third degree, not a class C misdemeanor as stated in the trial court’s judgment entry, and that Teddy was convicted of the
 
 *479
 
 class C misdemeanor of assault in the third degree, not a class A misdemeanor.
 

 II.
 

 In Point I, the appellants claim that the trial court erred in overruling their motions for judgment of acquittal, at the close of the State’s evidence, on the charge of assault in the first degree, because the State failed to make a submissi-ble case as to that offense. Specifically, they claim that the State failed to show, as required, that they caused serious physical injury to the victim.
 

 The review of a trial court’s denial of a motion for judgment of acquittal is the same as reviewing a claim that there was insufficient evidence to convict the defendant of the charged offense.
 
 State v. Bass,
 
 81 S.W.3d 595, 614 (Mo.App.2002). Our standard of review in a criminal appeal challenging the sufficiency of the evidence is set forth in
 
 State v. Johnson,
 
 62 S.W.3d 61, 69-70 (Mo.App.2001) (quoting State v. O’Brien, 857 S.W.2d 212, 215-16 (Mo.
 
 banc
 
 1993)):
 

 A challenge to the sufficiency of the evidence to support a finding of guilt is based in the Due Process Clause of the Fourteenth Amendment to the United States Constitution. No person may be deprived of liberty, ‘except upon evidence that is sufficient fairly to support a conclusion that every element of the crime has been established beyond a reasonable doubt.’ The constitutional sufficiency of the evidence is a question of law to be determined, in the first instance, by the trial court on proper motion by the defendant and again on appeal.
 

 When properly raised by the defendant, the question of sufficiency arises before the case is put to the jury; the challenge is to the ‘submissibility’ of the case. Therefore, any guilty verdict subsequently rendered by the jury is wholly irrelevant to the question of whether the case was sufficient to go to the jury at all. The Court’s review is limited to determining whether the evidence is sufficient to persuade any reasonable juror as to each of the elements of the crime, beyond a reasonable doubt. To ensure that the reviewing court does not engage in futile attempts to weigh the evidence or judge the witnesses’ credibility, courts employ ‘a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution.’ Thus, evidence that supports a finding of guilt is taken as true and all logical inferences that support a finding of guilt and that may reasonably be drawn from the evidence are indulged. Conversely, the evidence and any inferences to be drawn therefrom that do not support a finding of guilt are ignored.
 

 The record reflects that the appellants were acquitted of assault in the first degree, as well as assault in the second degree. Logically, “an accused has no standing to complain as to insufficiency of evidence to support a charge on which he has been acquitted.”
 
 State v. Witt,
 
 684 S.W.2d 906, 909 (Mo.App.1985). Thus, the appellants are “not aggrieved by the court’s submission to the jury of the [first degree assault charge] because [they] were acquitted of that offensef,]” and, therefore, have no standing to raise the claim of error in this point.
 
 Id.
 

 Point dismissed.
 

 III.
 

 In Point II, Teddy claims that the trial court erred in instructing the jury, as to him, on the offense of assault in the third degree because it was not charged in the amended information and was not a lesser-ineluded offense of the offense that was charged, assault in the first degree.
 
 *480
 
 Specifically, he claims that the offense of assault in the third degree, as submitted to the jury in Instruction No. 15, was not a lesser-included offense, subject to submission without being charged in the information, of the offense of assault in the first degree, as charged in the amended information, in that the criminal acts hypothesized in Instruction No. 15 were separate and distinct from the criminal acts alleged in the amended information, charging the appellant with assault in the first degree. In claiming as he does, Teddy points out that in charging him with first degree assault the State alleged in the amended information that he “knowingly caused serious physical injury to James E. Barry by
 
 striking him with [his] hands or feet,”
 
 while in the verdict director submitting assault in the third degree, the jury was instructed to find him guilty of that offense if it believed, beyond a reasonable doubt, that he “knowingly caused physical contact with James E. Barry by
 
 poking him with his finger,
 
 knowing that James E. Barry would regard such contact as offensive or provocative.” (Emphasis added.)
 

 The Sixth Amendment of the U.S. Constitution and article I, section 18(a) of the Missouri Constitution require that a criminal defendant be given notice of the charge or charges against him to allow him the opportunity to adequately prepare a defense.
 
 State v. Reese,
 
 687 S.W.2d 635, 636-37 (Mo.App.1985). The charging instrument, the information or indictment, serves that purpose.
 
 Id.
 
 Thus, as a general rule, due process mandates that a criminal defendant may not be convicted of an offense not expressly charged in the information or indictment.
 
 State v. Hibler,
 
 5 S.W.3d 147, 150 (Mo.
 
 banc
 
 1999);
 
 State v. Smith,
 
 592 S.W.2d 165, 165 (Mo.
 
 banc
 
 1979). A statutory exception to this rule is found in § 556.046, providing that a defendant may be convicted of a lesser-included offense of the offense charged in the indictment or information, the rationale being that, for purposes of due process, a defendant is considered to have notice of included offenses of the offense charged.
 
 State v. Hibler,
 
 5 S.W.3d at 150;
 
 State v. Wilkerson,
 
 616 S.W.2d 829, 833 (Mo.
 
 banc
 
 1981). Here, the State is claiming that the lesser-included offense exception of § 556.046 applies such the trial court was correct in submitting to the jury the offense of assault in the third degree, in Instruction No. 15, even though it was not charged in the amended information.
 

 In our case, the roles of the parties are reversed from what we would normally expect. As a practical matter, in a criminal case, usually it is the State, not the defendant, arguing for multiple offenses on which the defendant can be charged, prosecuted and convicted, in accordance with § 556.041, and are not included offenses, as defined in § 556.046, for which there can only be one conviction. Here, however, given the procedural posture of the case, it is the defendant arguing that the offenses in question are not included offenses, but separate offenses. This is so in that, because the State did not charge the appellant in the amended information with assault in the third degree, as a separate offense, it could only get to the jury and convict on that offense if it were a lesser-included offense of the offense actually charged in the amended information, assault in the first degree.
 

 As noted,
 
 supra,
 
 pursuant to § 556.046.1, a defendant may be convicted of an offense not charged in the indictment or information if it is an included offense. And, the trial court is obligated to instruct on an included offense provided “there is a basis in the evidence for acquitting the defendant of the immediately. higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense.” § 556.046.3. An offense is considered an
 
 *481
 
 included offense for purposes of § 556.046 when:
 

 (1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
 

 (2) It is specifically denominated by statute as a lesser degree of the offense charged; or
 

 (3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.
 

 § 556.046.1. Teddy concedes that, pursuant to § 556.046.1(2), the offense of assault in the third degree, § 565.070, is an included offense of assault in the first degree, § 565.050. § 556.046.1(2);
 
 see also State v. Hostetter,
 
 126 S.W.3d 831, 835 (Mo.App.2004). Nonetheless, he contends that as submitted to the jury in Instruction No. 15, the offense of assault in the third degree was not an included offense of the offense of assault in the first degree,
 
 as charged in the amended information,
 
 in that the charged offense did not involve the same criminal conduct as the purported lesser-included offense submitted to the jury such that it was a separate offense.
 

 In claiming as he does in this point, Teddy is contending that the first sentence of § 556.046.1: “A defendant may be convicted of an offense included in an
 
 offense charged in the indictment or information.”
 
 (emphasis added), should be read as requiring that the included offense be based on the same criminal conduct alleged in the information or indictment as to the charged offense. The Missouri Supreme Court confirmed in
 
 State v. Hibler,
 
 5 S.W.3d at 150, that this is, in fact, the law, stating:
 

 The key language of Missouri’s section 556.046 tracks section 1.07(4)-(5) of the Model Penal Code. The drafters of the Code adopted the majority rule:
 

 The majority rule ... is that a lesser crime is an included offense when it consists of legal elements which must always be present for the greater crime to have been committed
 
 in the manner in which the greater crime is charged in the accusatory pleading.
 

 0Quoting
 
 Jerrold H. Barnett,
 
 The Lesser-included Offense Doctrine: A Present Day Analysis For Practitioners, 5 Conn.
 
 L.Rev. 255, 291 (1972)) (emphasis added)
 
 (cited in
 
 AmeRican Law Institute, Model Penal Code and Commentaries, sec. 1.07, at 130 & n. 109 (1985)). In other words, for an offense of a lesser degree to be an included offense, for purposes of § 556.046, it must be based on the criminal conduct that is alleged in the information or indictment as to the greater/charged offense. If this were not the law, a jury, pursuant to § 556.046.1(2), could be instructed on assault in the third degree, as a lesser-included offense of the charged offense of assault in the first degree, even though the criminal conduct alleged as constituting assault in the third degree occurred at a different time and place than the conduct alleged as to the greater/charged offense. That would be an absurd result and defy the concept of a lesser-included offense, as we know it.
 

 The State, in opposition to Teddy’s claim of error in this point, rather than arguing for a different interpretation of § 556.046.1 than that urged by Teddy, contends that the criminal conduct, “poking James E. Berry with his finger and threatening him,” which was alleged in its verdict director submitting assault in the third degree, “was part of the overall Felony Assault [assault in the first degree] charged and instructed upon” such that the requirement of § 556.046.1, that the included offense be based on the criminal conduct of the charged offense, was satisfied. In that regard, the State contends that “[t]his act [Teddy’s poking the victim with his finger] was one of a series of events that Teddy Collins and his co-defendant father, Eddie
 
 *482
 
 Collins, wherein they assaulted James E. Barry with their hands and feet.” In other words, the State is contending that any criminal act associated with the “overall” assault charged in the amended information, assault in the first degree, is part and parcel of the “same conduct” alleged as to the charged offense, for purposes of § 556.046.1, and therefore, constitutes a lesser-included offense. Accepting this argument would mean, however, that, pursuant to § 556.041(1), only one conviction could be obtained as to the sum total of all the criminal acts associated with the charged offense, which would mean that for purposes of § 556.041(1), we would be applying the “same transaction rule” in determining whether multiple convictions are permissible for the same criminal conduct, which rule has been routinely rejected by our appellate courts.
 

 The “same transaction rule” prohibits multiple convictions of the same defendant “for acts committed in a single transaction.”
 
 State v. Applewhite,
 
 771 S.W.2d 865, 870-71 (Mo.App.1989);
 
 see also State v. Childs,
 
 684 S.W.2d 508, 510-11 (Mo.App.1984). This rule, however, has been rejected in this state in favor of the “separate or several offense rule,” which allows a defendant to be convicted of several offenses even though they arise out of the same criminal transaction.
 
 State v. Barber,
 
 37 S.W.3d 400, 403 (Mo.App.2001) (citing
 
 Childs,
 
 684 S.W.2d at 510-11, and
 
 State v. Murphy,
 
 989 S.W.2d 637, 639 (Mo.App.1999)). Under this rule, the question, in determining whether a defendant can be convicted of multiple offenses for the same conduct, is not whether the criminal acts in question are part of the same transaction, but “whether in law and fact [the] defendant has committed two separate offenses.”
 
 State v. Applewhite, 771
 
 S.W.2d at 870-71.
 

 As noted,
 
 supra,
 
 § 556.041 prohibits multiple convictions for included offenses. It follows then, given the separate or several offense rule, that separate offenses, even though arising out of the same criminal transaction, for which there can be multiple convictions, cannot be included offenses, for purposes of § 556.046.1. The question then for us, in determining whether the submission of third degree assault in Instruction No. 15 was permitted as an included offense of the charged offense, assault in the first degree, is whether the criminal conduct hypothesized in that instruction was the same criminal conduct alleged as to the charged offense or was different conduct, constituting a separate offense on which there could be a separate conviction.
 

 The basic inquiry in determining whether separate criminal acts, committed in the course of the same “transaction,” constitute separate offenses subject to multiple convictions, is whether the legislature intended to punish each individual act.
 
 State v. Barber,
 
 37 S.W.3d at 403;
 
 State v. Morrow,
 
 888 S.W.2d 387, 390 (Mo.App.1994). In determining whether the legislature intended to permit multiple convictions, a court looks first to the “unit of prosecution” allowed by the statute or statutes under which the defendant was charged.
 
 State v. Barber,
 
 37 S.W.3d at 403. If the unit of prosecution it is not apparent from the charging statute or statutes, recourse must be made to Missouri’s general cumulative punishment statute, § 556.041.
 
 Id.; see also State v. French,
 
 79 S.W.3d 896, 899 (Mo.
 
 banc
 
 2002).
 

 Teddy was charged in the amended information with assault in the first degree in violation of § 565.050.1. It provides that a “person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.” § 565.050.1. Teddy was convicted of as
 
 *483
 
 sault in the third degree, in violation of § 565.070.1(5). It provides that a person commits the crime of assault in the third degree if “[t]he person knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative[.]” § 565.070.1(5). Clearly these statutes are designed to protect against offensive or injurious contact and punish the person who would initiate or, in the case of § 565.050.1, attempt to initiate such contact. Moreover, these statutes are designed to punish each individual act of offensive or injurious contact, as each act poses a new and distinct threat of harm.
 
 See State v. Barber,
 
 37 S.W.3d at 403-04 (holding that, in enacting § 571.030.1(4), which makes it an offense for a person to knowingly exhibit, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner, the legislature intended to permit a separate conviction for each angry display of a knife in the same fight or transaction);
 
 State v. Morrow,
 
 888 S.W.2d at 392-93 (holding that, in enacting § 571.030.1(3), which makes it an offense for a person to knowingly discharge or shoot a firearm into a dwelling house, the legislature intended to permit a separate conviction for each shot fired into a dwelling house, even if the shots occurred in rapid fire succession). Hence, there can be no doubt that the legislature intended, pursuant to § 565.070.1(5), that the act of poking another person in the chest while threatening him would support a conviction, in and of itself, of third degree assault, and, pursuant to § 565.050.1, that the act of striking another person with one’s hands and feet, resulting in serious physical injury, would support a conviction, in and of itself, of first degree assault. Thus, Teddy’s act of poking the victim in the chest with his finger constituted a separate offense from the offense with which he was charged, first degree assault by striking the victim with his hands or feet, and not a lesser-included offense of the charged offense, such that the trial court erred, as a matter of due process, in instructing the jury on third degree assault in that it was not charged in the amended information.
 
 See State v. Pope,
 
 733 S.W.2d 811, 813 (Mo.App.1987) (holding that, “when the [specific criminal] act was specified [in the indictment] ... the jury can convict only on that act[,] [such that an] instruction which allows them to convict of ... another [act] which is not charged cannot stand”).
 

 A conviction based on an offense not properly charged in the charging instrument is a nullity, as the trial court acquires no jurisdiction over non-charged offenses.
 
 State v. Smith,
 
 825 S.W.2d 388, 391 (Mo.App.1992);
 
 see also State v. Smith,
 
 742 S.W.2d 198, 200 (Mo.App.1986) (citing
 
 State v. Brooks,
 
 507 S.W.2d 375, 376 (Mo.1974)). Hence, because the State failed to charge Teddy in the amended information with third degree assault, based on his poking the victim with his finger, the trial court lacked jurisdiction to enter a conviction thereon, rendering its judgment purporting to convict Teddy of third degree assault a nullity, requiring the judgment of his conviction to be set aside and held for naught.
 

 IV.
 

 In Point III, Eddie makes the same claim of error as Teddy makes in Point II, except as to his conviction for assault in the third degree, as submitted in Instruction No. 9. In claiming as he does, Eddie points out that in charging him with first degree assault the State alleged in the amended information that he “knowingly caused serious physical injury to James E. Barry by
 
 striking him with [his] hands or feet,”
 
 while in the verdict director submitting assault in the third
 
 *484
 
 degree, the jury was instructed to find him guilty of that offense if it believed, beyond a reasonable doubt, that he “knowingly attempted to cause physical injury to James E. Barry
 
 by grabbing his coat with his hands and shaking him.”
 
 (Emphasis added.)
 

 Our analysis of Teddy’s claim of error in Point II applies with equal force to Eddie’s claim of error set forth in this point. Therefore, the question for us, in determining whether the submission of third degree assault in Instruction No. 9 was permitted as an included offense of the charged offense, assault in the first degree, is whether the criminal conduct hypothesized in that instruction was the same criminal conduct alleged as to the charged offense or was different conduct, constituting a separate offense on which there could be a separate conviction.
 

 Having determined,
 
 supra,
 
 that the legislature intended that the act of striking another person with one’s hands and feet, resulting in serious physical injury, would support a conviction, in and of itself, of first degree assault under § 565.050.1, the question becomes whether the legislature intended that the act of grabbing and shaking another person would support a conviction, in and of itself, of third degree assault under § 565.070.1(1).
 

 Section 565.070.1(1) provides that a person commits the crime of assault in the third degree if “[t]he person attempts to cause or recklessly causes physical injury to another person[J” Clearly, in enacting this section, the legislature intended that one’s act of grabbing and shaking another person, assuming he or she was either attempting to cause physical injury, or recklessly caused physical injury, would support a conviction, in and of itself, of third degree assault. This is so in that the act of grabbing and shaking another person poses its own separate and distinct threat of harm to that person. As a result, Eddie’s act of grabbing and shaking the victim constituted a separate offense from the offense with which he was charged, first degree assault by striking the victim with his hands or feet, and not a lesser-included offense of the charged offense, such that the trial court erred, as a matter of due process, in instructing the jury on third degree assault in that it was not charged in the amended information.
 
 See State v. Pope,
 
 733 S.W.2d at 813 (holding that, “when the [specific criminal] act was specified [in the indictment] ... the jury can convict only on that act[,] [such that an] instruction which allows them to convict of ... another [act] which is not charged cannot stand”).
 

 Because the State failed to charge Eddie with third degree assault in the amended information, based on his grabbing and shaking the victim, the trial court lacked jurisdiction to enter a conviction thereon, and, therefore, its judgment purporting to convict Eddie of third degree assault is a nullity, requiring the judgment of his conviction to be set aside and held for naught. As noted in Point II,
 
 supra,
 
 a conviction based on an offense not charged in the charging instrument is a nullity, as the trial court acquires no jurisdiction over non-charged offenses.
 
 State v. Smith,
 
 825 S.W.2d at 391 (Mo.App.1992).
 

 Conclusion
 

 Because the appellants were acquitted by the jury of first and second degree assault, and the trial court had no jurisdiction to enter convictions for assault in the third degree, in that they were not lesser-included offenses of the charged offenses and were not charged in the amended information, the trial court’s judgments of convictions of third degree assault were a nullity such that there are no convictions from which to appeal.
 
 State v. Witt,
 
 684 S.W.2d at 909. We, therefore, dismiss and
 
 *485
 
 remand for the trial court to enter its order setting aside the appellants’ convictions as being nullities.
 

 HOWARD and NEWTON, JJ„ concur.
 

 [1]
 

 . All statutory references are to RSMo 2000, unless otherwise indicated.
 

 [2]
 

 . All rule references are to Missouri Rules of Criminal Procedure 2004, unless otherwise indicated.
 

 [3]
 

 . Further support for why the trial court obviously erred in its judgment entries as to the class of misdemeanor offenses of which the appellants were convicted can be found in the appellants' brief. In their brief, the appellants make numerous references to the fact that Teddy was convicted of the class C misdemeanor of assault in the third degree and that Eddie was convicted of the class A misdemeanor of assault in the third degree.