In the
 Missouri Court of Appeals
 Western District
STATE OF MISSOURI, )
 )
 Respondent, ) WD83807
 )
v. ) OPINION FILED: March 30, 2021
 )
DAVID JOSE ESCALONA, )
 )
 Appellant. )

 Appeal from the Circuit Court of Lafayette County, Missouri
 The Honorable Dennis A. Rolf, Judge

 Before Division Three: Karen King Mitchell, Presiding Judge, Gary D. Witt, Judge and
 Anthony Rex Gabbert, Judge

 David Escalona ("Escalona") appeals the judgment of the Circuit Court of

Lafayette County, Missouri ("trial court") convicting him of one count of possession of a

controlled substance, section 579.015,1 and one count of failure to appear, section

544.665, and sentencing him to a total of eight years' imprisonment. On appeal, Escalona

claims that the trial court plainly erred and abused its discretion in basing Escalona's

sentence on the fact that he exercised his right to go to trial rather than plead guilty. We

affirm the judgment and sentence of the trial court.

 1
 All statutory references are to the Revised Statutes of Missouri, 2016, as updated by supplement.
 Factual and Procedural Background

 In November of 2018, Escalona was driving his vehicle eastbound on I-70 through

Lafayette County, when Trooper Matthew Hanrahan ("Trooper Hanrahan") pulled him

over for crossing the center line of the roadway and for following a tractor trailer too

closely. Trooper Hanrahan noticed that Escalona appeared nervous, with his hands

trembling and his eyes wide when he provided his driver's license. Trooper Hanrahan

asked Escalona for permission to search his vehicle, which Escalona provided and gave

the keys to the vehicle to the Trooper. On the passenger-side seat was a backpack with a

zipper compartment containing a glass smoking pipe, and in the backseat, in another bag,

was a small baggie of what proved to be .46g of methamphetamine. Escalona was

arrested. On December 2, 2019, Escalona failed to appear for a required court

proceeding on these charges, and a warrant was issued.

 The case proceeded to a bench trial. Escalona testified that neither the

methamphetamine nor the pipe was his, that he did not know the bags containing them

were in his vehicle, and that he had met a friend in Kansas City, who had ridden in his car

the evening prior, implying the items belonged to that friend. Escalona also testified that

he missed his December hearing because he was in the emergency room with severe back

pain. On rebuttal, Trooper Hanrahan testified that Escalona admitted that he had used the

pipe to ingest illegal drugs with a friend and the friend had given him the pipe and drugs.

Escalona referred to the substance as "T," which is short for "Tina," a slang term for

methamphetamine. The trial court found Escalona guilty of both counts.

 2
 At sentencing, Escalona's counsel informed the court that the State had made a

pre-trial plea offer whereby he would receive an SIS with probation in exchange for a

guilty plea.2 However, because Escalona was worried about his immigration status

(although he was in the United States legally), an immigration lawyer advised him not to

admit to possession of methamphetamine but, instead, to go to trial. Escalona's counsel

argued that Escalona was a first-time possession offender and was employed. The

prosecutor asked for sentences of five years and two years, concurrent, because Escalona

had lied to the court and was not taking responsibility for his actions in the Sentencing

Assessment Report ("SAR"). The trial court sentenced Escalona to five years and three

years, to run consecutively and not concurrently, stating,

 Well, first of all, I never sentence anybody any more differently because
 they put the Court or the State through having to go through a trial, but
 what I do look at is whether or not they accept responsibility and show me
 they know the difference between right and wrong. And in this case, Mr.
 Escalona was dishonest about the circumstances involving the drugs, and, I
 feel, dishonest about the circumstances involving the failure to appear. So
 not only has he failed to accept responsibility, he blatantly lied to the Court.
 And, quite honestly, his immigration status is not my problem.

This appeal followed.

 Standard of Review

 While sentencing is ordinarily reviewed for abuse of discretion, Escalona

concedes that he did not raise this issue at his sentencing hearing. He is asking this court

to review for plain error. Rule 30.20; State v. Betts, 559 S.W.3d 47, 55 (Mo. App. E.D.

2018). "In reviewing for plain error, we will first determine whether, based on the facts

 2
 A pre-trial plea offer from the prosecutor is not binding on the court and it does not establish that the trial
court "punished" the defendant for proceeding to trial if the sentence exceeds the pre-trial offer.

 3
and circumstances of the case, the trial court committed error that was evident, obvious,

and clear." Betts, 559 S.W.3d at 55 (citing State v. Collins, 154 S.W.3d 486, 491 (Mo.

App. W.D. 2005)). "Second, we will determine whether the trial court's error so

prejudiced the defendant that a manifest injustice or miscarriage of justice occurred." Id.

 Discussion

 Escalona's single point on appeal is that the trial court improperly held Escalona's

exercise of his right to receive a full and fair trial against him in formulating the sentence.

A sentencing court "cannot use the sentencing process to punish a defendant for

exercising his right to proceed to trial." State v. Wright, 998 S.W.2d 78, 83 (Mo. App.

W.D. 1999) (abrogated on other grounds by State v. Porter, 439 S.W.3d 208 (Mo. banc

2014)). "[W]hether a defendant exercises his constitutional right to trial . . . to determine

his guilt or innocence must have no bearing on the sentence." State v. Vaughn, 940

S.W.2d 26, 29 (Mo. App. S.D. 1997). Indeed, "[i]t is fundamental that one convicted of a

crime must not be subjected to a more severe punishment simply because he or she

exercised a constitutional right." State v. Fields, 480 S.W.3d 446, 453 (Mo. App. W.D.

2016) (quoting State v. Ise, 460 S.W.3d 448, 464 (Mo. App. W.D. 2015)).

 A sentencing court may, however, "take into account the character of the

defendant, including his attitude concerning the offense." State v. Lindsey, 996 S.W.2d

577, 580 (Mo. App. W.D. 1999). Moreover, "a court may take into account a good faith

belief that an accused has committed perjury." Id. at 581. At sentencing, the State

 4
argued that Escalona had not accepted any responsibility for his crimes "[i]n the SAR,"3

which was compiled after trial and after he was found guilty. The State also specifically

referred to the SAR when it argued that Escalona "wasn't honest with the Court," that he

"accepted zero responsibility whatsoever for any of the crimes that he committed" that

"he still insists that the trooper was lying and lied to the Court" and Escalona "failed to

appear" which called into question his ability to comply with terms of probation.

 Most importantly, the trial court affirmatively stated that it did not consider

Escalona's exercise of his right to trial in reaching its sentencing decision:

 Well, first of all, I never sentence anybody any more differently because
 they put the Court or the State through having to go through a trial, but
 what I do look at is whether or not they accept responsibility and show they
 know the difference between right and wrong. And in this case, Mr.
 Escalona was dishonest about the circumstances involving the drugs, and, I
 feel, dishonest about the circumstances involving the failure to appear. So
 not only has he failed to accept responsibility, he blatantly lied to the Court.

To accept Escalona's argument that the trial court sentenced him more harshly based

upon his exercise of his right to trial, we would have to conclude that the trial court was

simply lying when it stated that this was not a factor. We do not so conclude.

 Based on the State's argument at sentencing that Escalona continued to deny any

responsibility for the crimes in the SAR, which was prepared following the trial and after

he had been convicted, together with the trial court's statement that it does consider in

 3
 The SAR was not included within the legal file. "Rule 81.12 imposes a duty on appellants to file a legal
file with all records necessary for review. We are entitled to presume that omitted portions of the record are
unfavorable to the appellant and favorable to the trial court's decision." State v. Richter, 504 S.W.3d 205, 208 n.3
(Mo. App. W.D. 2016). Where the disposition of an issue on appeal may depend upon the contents of an SAR,
either party may request that the SAR be made part of the record on appeal, even though the SAR is not normally
“filed” in the circuit court and is not a public document until after the defendant pleads guilty pursuant to Section
557.026. See Webb v. State, 334 S.W.3d 126, 130-31 (Mo. banc 2011). When a party fails to include the SAR in
the record on appeal, "the intendment and content of the SAR will be taken as favorable to the [sentencing] court's
ruling and as unfavorable to [the defendant]." Routt v. State, 493 S.W.3d 904, 907 n.5 (Mo. App. E.D. 2016).

 5
sentencing whether a defendant accepts responsibility for his actions, it is clear that the

trial court was not referring to the fact that Escalona pled not guilty and exercised his

right to trial but properly took into account his continued denial of committing the

offenses in the SAR after he had been found guilty in reaching his sentencing decision.

 Further, the trial court clearly had a good-faith belief that Escalona had committed

perjury, which is an acceptable fact for a court to consider in arriving at a sentence.

Lindsey, 996 S.W.2d at 581. Escalona testified at trial that he did not have any drugs

with him, that he had only used a legal substance with his friend called "bofers," and that

he had never seen the bag in his car in which the pipe had been found, despite

photocopies of Escalona's debit or credit cards also having been in the bag. However,

Escalona told Trooper Hanrahan that he had used the methamphetamine and glass pipe

with his friend the night before, referring to the substance as T, which was short for Tina,

which is a slang term for methamphetamine. Escalona also testified that he failed to

appear because he was in the emergency room with severe back pain, which the trial

court also believed to be not credible. We find no plain error in the trial court's belief that

Escalona had perjured himself and continued to refuse to take responsibility for his

actions after he had been found guilty or that the court considered these factors in

sentencing Escalona.

 6
 Conclusion

 For all of the above-stated reasons, we affirm the judgment of the trial court.

 __________________________________
 Gary D. Witt, Judge

All concur

 7